## Case No. 4,576.

EVERETT et al. v. DERBY.

[5 Law Rep. 225.]

District Court, D. Maine. Aug., 1842.

WARE, District Judge. This is a petition on the part of creditors against Mr. Derby, to have him decreed a bankrupt. He has appeared and filed objections to the decree. The first objection relied on is, that the petitioners are proceeding against him in an action at law. The facts, which are not in dispute, are that the petitioners sued out writs of attachment against the supposed bankrupt on the 19th of March, and caused his property to be attached and held to answer the judgment, which suits were duly entered in court on third Tuesday of June, being the 21st day of the month, and which were, with the consent of the defendant's attorney, continued to the next term of the court, and no further proceedings had upon them. On the 11th of May, they filed their petition in this court, praying to have him declared a bankrupt. The second objection relied upon is, that the respondent was not, at the time of the alleged acts of bankruptcy, nor at the time of the jurat and the filing of the petition, a merchant, and actually using the trade of merchandise, nor a retailer of merchandise, and so not liable to compulsory process in bankruptcy on the part of his creditors. The petitioners have put in replication insisting on the right to proceed in their petition to have the respondent decreed a bankrupt, notwithstanding the pendency of their suits, and alleging that the debts, on which the petition is founded, are not the same demands that are in suit, but distinct and different debts; and tendering an issue of facts on the other objection that the respondent was not a merchant and actually using the trade of merchandise.

The second objection presents the question of fact which, the parties not being prepared with their evidence, will be passed with a single remark. It is doubtful, to say the least, whether, in the terms in which it is expressed, it is broad enough to protect the respondent from this proceeding, admitting the fact to be as alleged. A debt which has been contracted after the debtor has retired from trade, will not support a petition on the part of creditors, proceeding in invitum. Eden, Bankr. Law, 46. But where the debt was contracted while the debtor was in trade, and then subject to the bankrupt law, Lord Eldon held it to be clear of any doubt that a commission could be supported by an act of bankruptcy committed after he had ceased to be a trader. It may, therefore, be necessary for the respondent to amend his answer to the petition in this part.

With respect to the other objection, the facts alleged by the respondent are admitted in the replication, and the question to the court is, whether the pendency of the suits mentioned in the objection is a bar to the parties proceeding under this petition. There does, it must be admitted, seem to be some incongruity in proceeding in law against a debtor who is in bankruptcy. As the whole of his property passes and vests in the assignee, by operation of law, from the time of the decree, and by relation from the filing of the petition, the remedy at law is reduced to the naked right of process against the person. And as the person must be discharged by the certificate, if the bankrupt is legally entitled to it, it would seem that the only benefit that can be derived from a suit at law is to try the validity of the discharge. But it is quite certain that the existence of a commission under the English bankruptcy system does not preclude creditors from pursuing the ordinary remedial processes of the law, and such also was the case under the former bankrupt law in this country. The present act contains no clause prohibiting them generally from proceeding at law if they prefer this remedy. The clause of the

law applicable to the question raised by this objection, is found in the 5th section of the act of 1841 [5 Stat. 444], and is in these words: "No creditor or other person, coming in and proving his debt or other claim, shall be allowed to maintain any suit at law or in equity therefor, but shall be deemed thereby to have waived all right of action and suit against such bankrupt; and all proceedings already commenced, and all unsatisfied judgments already obtained thereon, shall be deemed to be surrendered thereby." This clause meets and provides for two distinct cases: First, for that where the creditor has proved his debt before a suit is commenced. The proving the debt alone, is a bar to any suit at law or in equity, for the recovery of the debt so proved. The second case is where the suit has been commenced before the proof of the debt in bankruptcy; and in this case the proving the debt operates as a surrender ipso jure of the action, and is a bar to any further proceedings in the suit.

The present case falls under the second branch of the clause in question. The action was commenced before the filing of the petition. Now it is very clear that the naked fact of the action having been commenced is no bar to filing and proceeding upon the petition, for the law contemplates and provides for this precise case, and declares, not that the proceeding in bankruptcy is barred by that fact, but that the proceeding in bankruptcy shall operate as a surrender of the suit. But what proceeding is it that has this effect? It is proving the debt. The proof of the debt is an election to proceed in bankruptcy, and is a conclusive bar to any further proceeding in a suit at law or in equity for the recovery of the same debt. I say for the recovery of the same debt, for it has been decided in England by the courts of law, under the act of 49 Geo. III. c. 121, § 14, from which this clause in our law seems to have been borrowed, that where a creditor has several distinct and independent debts due to him from the bankrupt, he may prove one in bankruptcy and maintain a suit at law on another, it being held that the election is confined to the particular debt proved. Harley v. Greenwood, 5 Barn. & Ald. 95. Whether this principle adopted by the common law courts is reconcilable with the decisions of the chancellor in bankruptcy, it is not necessary here to consider. Ex parte Dickson, 1 Rose, 98; Ex parte Hardenbergh, Id., 204, quoted in Eden, Bankr. Law, 112.

It has always been held under the English bankrupt law, that the petitioning creditor makes his election by presenting his petition, and, however it may be with other creditors, he cannot proceed at law for a distinct demand, if the petition is capable of prosecution. Id. 116. The presenting of a petition is an election to proceed in bankruptcy, not only for the debt, on which it is founded, but for all other claims which he has against the bankrupt, and if he proceeds at law, the commission will be superseded, or the suit at law be enjoined. Id. 50; Cooke, Bankr. Law, c. 2, § 3. But if a suit is already commenced, he need not relinquish it before presenting his petition. If indeed he has the debtor in execution, this is fatal to the petition; for this is a satisfaction of the debt. Burnaby's Case, 1 Strange, 653. But proceeding in a pending suit, not against the person, has been held not to be an objection to suing out a commission. Miles v. Rawlyns, 4 Esp. 194.

It would seem, then, from the analogy of the English decisions, that the pendency of a suit in the courts of law, on a distinct and independent demand, is not a bar to proceeding on this petition. The suit may remain at present notwithstanding, for that is declared to be surrendered, not by the filing a petition against the bankrupt, but by proving the debt. But as the debt must be proved to support the petition and obtain a decree, this, it seems to me, will constitute such a proof in bankruptcy as will, from the time of the decree, operate ipso jure as a surrender of the suit at law. My opinion is that the petitioners may proceed to a decree while their suits are pending, but that the suits will be annulled and surrendered by the passing of a decree. It is undoubtedly true, that the petitioning creditors cannot carry on the two proceedings at the same time,—at law for one part of their demands, and in bankruptcy for another; but I can see no reason, in principle or on grounds of expediency, why they should be required to abandon their suits at law commenced before filing this petition, until it is determined whether the petition can be sustained. If, as is contended by the debtor, he is not subject to the bankrupt law, then the petitioners have an undoubted right to pursue their remedy at law.