### In re DUPREE.

(District Court, E. D. North Carolina. July 1, 1899.)

1. BANKRUPTCY—TIME OF FILING PETITION.

Under Bankr. Act 1898, § 3b, providing that a petition in involuntary bankruptcy may be filed within four months after the commission of an act of bankruptcy by the defendant, the four months are to be reckoned by excluding the day on which the act of bankruptcy is committed, and including that on which the petition is filed.

2. SAME—FILING DUPLICATE OF PETITION.

The court acquires no jurisdiction in a case of involuntary bankruptcy unless the duplicate originals of the petition required by the act are both filed within four months after the commission of the act of bankruptcy alleged; and, where the petitioning creditors filed only one copy of the petition within four months, the court has no authority to allow them to file the other after the expiration of that time, but will dismiss the petition on motion of the respondent.

3. SAME—CLERK'S DOCKET.

Under general order No. 1 in bankruptcy (18 Sup. Ct. iv.), providing that "the clerk shall keep a docket" which "shall contain a memorandum of the filing of the petition," the docket should show that the petition was filed in duplicate, as required by the statute, if this requirement of the law is really complied with.

In Bankruptcy.

J. C. Clifford, for bankrupt.

PURNELL, District Judge. This case seems to be in all respects similar to, and governed by the argument and decision reported in, Re Stevenson (May 16, 1899) 94 Fed. 111, by Bradford, District Judge. For the reasons stated in that opinion, it is held: The four months after the commission of an act of bankruptcy within which, under the provisions of the bankrupt act of July 1, 1898, a petition in involuntary bankruptcy must be filed, are to be so computed as to exclude the day on which such act was committed,—the 5th day of January, 1899. The bankrupt act requires the filing within the specified period of four months of a petition in duplicate,—one copy for the clerk, the other for service on the alleged bankrupt; and, where a petitioner has within that period filed only one copy of the petition, the court has no authority after the expiration of such period to permit the filing of a second copy. The various provisions of the bankrupt act clearly disclose a legislative intent that proceedings in bankruptcy shall be conducted and closed with all reasonable expedition, and, while it is true that a petition may be filed at such time on the last day of the period of limitation as to render impossible either the service or issuance of process within that period, it was nevertheless the manifest intention of congress that the duplicate copy for service should be filed within that period, ready to be served with all convenient speed. Rule 11 in bankruptcy, prescribed by the supreme court (18 Sup. Ct. v.), authorizes the court to allow corrections to be made of errors, insufficiencies, and uncertainty in the petition or schedules, but not practically to repeal the legislative declaration that petitions must be filed in duplicate within the four months specified. Rule 1 in bankruptcy (18 Sup. Ct. iv.) pro-

vides that the clerk's docket shall contain a memorandum of the filing of the petition, but does not mention a copy of the petition; and, as the petition is to be filed in duplicate, the docket should show such filing. Hence the petition herein is dismissed, and the petitioning creditors will be taxed with the costs, including therein an attorney's fee of $25 for J. C. Clifford, Esq., the bankrupt's attorney.