In re PILGER.

(District Court, E. D. Wisconsin. November 3, 1902.)

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—JURISDICTION MUST AFFIRMA-
TIVELY APPEAR.

To confer jurisdiction to adjudge a person an involuntary bankrupt,
the proof must affirmatively show that such person is not within one
of the classes excepted by the bankruptcy act from such proceedings.

2. SAME—WAGE-EARNERS.

A court of bankruptcy is without jurisdiction to adjudge a person an
involuntary bankrupt who was both at the time of the filing of the
petition and at the time of the alleged act of bankruptcy a wage-earner,
working for a salary of less than $1,500 per year.

In Bankruptcy. Issue upon creditors' petition for adjudication of
involuntary bankruptcy.

Turner, Pease & Turner, for creditors.

Kanneberg, McGee & Cochem, for debtor.

SEAMAN, District Judge. The issues of insolvency and of com-
mission of an act of bankruptcy having been determined upon the
hearing before a jury, the questions of jurisdiction remain for con-
sideration. Two objections are raised to adjudication of bank-
ruptcy under the petition: (1) That the petition contains no aver-
ment that Pilger was not a wage-earner, and the testimony shows
that he was such in fact; (2) that one of the three petitioners (R. H.
Schwab & Sons Company) was not a creditor.

The testimony is undisputed that the alleged bankrupt was sec-
retary and stockholder of a bankrupt corporation (Egan Engineer-
ing Company) up to the adjudication of bankruptcy against that
corporation; that as secretary he was financial manager and "so-
licitor" for business, at a salary of $100 per month, and that he had
no other business; that the alleged act of bankruptcy occurred April
23, 1902; and that when the petition herein was thereafter filed he
was earning $65 to $70 per month as a bookkeeper in the employ
of other persons. Section 4b of the bankruptcy act authorizes in-
voluntary proceedings against "any natural person, except a wage-
earner or a person engaged chiefly in farming or the tillage of the
soil"; and section 1 (27) defines a wage-earner as "an individual
who works for wages, salary or hire, at a rate of compensation not
exceeding one thousand five hundred dollars per year." No juris-
diction exists to adjudge involuntary bankruptcy against a person
who is within either of these exceptions. In re Taylor, 42 C. C. A.
1, 102 Fed. 728. Whether a petition is defective which is made in
the general form prescribed by the supreme court rules in that be-
half, and does not negative these exceptions, has not been directly
decided in any case called to my attention; nor is the question ma-
terial to the present controversy, as the facts are undisputed, and an
amendment of the petition would cover any such defect in the event
of clear proof that the alleged bankrupt was not within either ex-
ception. When jurisdiction thus depends upon a specific fact or
condition, the presumption is against jurisdiction, and, unless the

proof presents a case to which the exception is clearly inapplicable, the bankruptcy court cannot take cognizance. In re Plotke, 44 C. C. A. 282, 286, 104 Fed. 964. The general rule in respect of such conditions is that jurisdiction depends upon the state of things at the time the action is commenced. Mollan v. Torrance, 9 Wheat. 537, 6 L. Ed. 154, 2 Rose's Notes U. S. Reports, 279. Under this provision of the bankruptcy act, it has been held (In re Luckhardt [D. C.] 101 Fed. 807) that the question whether the alleged bankrupt is within the exception dates from the commission of the alleged act of bankruptcy; and like view appears to have been adopted by Judge Ware, under the old act, in Everett v. Derby, 5 Law Rep. 225, Fed. Cas. No. 4,576. Tested by either of these rules, Pilger had no business or occupation other than that of bookkeeper and wage-earner at a salary less than $1,500 per year, and was not subject to involuntary bankruptcy. Whether one or the other date is applicable to this case does not call for decision, as I am of opinion that the inquiry cannot, at the utmost, extend beyond the date of committing the act of bankruptcy. Moreover, if the prior status of Pilger were open to consideration on this question, the testimony shows that he was theretofore a wage-earner, within the above definition, and that he had no other occupation. While the fact appears that he was a stockholder in the insolvent corporation, it is not probable that such fact can be treated as a separate occupation or business, and I do not perceive that it would affect the exception. The second objection, therefore, requires no consideration.

The petition must be dismissed for want of jurisdiction.