In re PLYMOUTH CORDAGE CO. et al.

(Circuit Court of Appeals, Eighth Circuit.  March 7, 1905.)

No. 40.

1. BANKRUPTCY—PLEADING—JURISDICTIONAL AVERMENTS AMENDABLE.
　　The federal courts have power to permit amendments of pleadings by the insertion or correction of jurisdictional as well as other averments.

2. SAME—PLEADING—AVERMENT OF LESS THAN TWELVE CREDITORS NOT JURISDICTIONAL.
　　Where a single creditor files a petition for an adjudication in bankruptcy, the averment that all the creditors of the alleged bankrupt are less than 12 in number does not condition the jurisdiction of the court.

3. SAME—PLEADING—AMENDMENT.
　　A petition in bankruptcy may be amended by the insertion of averments that the alleged bankrupt is not a wage-earner or farmer, and that all his creditors are less than 12 in number.

4. SAME—PRACTICE—ABSENCE OF DUPLICATE PETITION WAIVED BY ANSWER.
　　The objection that a petitioner in bankruptcy failed to file a duplicate of his petition is waived by an answer by the bankrupt within four months of the alleged acts of bankruptcy without presenting the objection.

5. SAME—PRACTICE—JOINDER OF CREDITORS.
　　Creditors may join in a petition in bankruptcy at any time before the decision of the issue of bankruptcy, and be counted to make up the requisite number of creditors and amount of claims.

　　[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 104.]

**6.** SAME—PRACTICE—TIME OF ADJUDICATION TIME TO TEST SUFFICIENCY OF PETITIONING CREDITORS.

The time of the adjudication in bankruptcy, and not the time of the institution of proceedings in bankruptcy, is the time to test the sufficiency of the number of the petitioning creditors and of the amount of their claims to warrant the adjudication.

**7.** SAME—PRACTICE—NOTICE TO CREDITORS OF PROPOSED DISMISSAL ESSENTIAL.

Notice to the creditors of the bankrupt of a proposed dismissal of the proceedings is indispensable, and an order of dismissal without notice is erroneous.

(Syllabus by the Court.)

## On Petition for Review.

This is a petition to superintend and revise in matter of law the proceeding of the District Court of the Second Judicial District of the territory of Oklahoma in the county of Kingfisher upon a petition of the Plymouth Cordage Company, a corporation, for an adjudication that its debtor, J. A. Smith, was a bankrupt. The petition for review was met in this court by a demurrer, so that all of its averments are admitted. They disclose these facts: The Plymouth Cordage Company had a provable claim against J. A. Smith for $4,430.25, and on October 31, 1901, it filed a petition in bankruptcy in the court below, in which it set forth this fact, the fact that Smith was insolvent, and that he had committed acts of bankruptcy within four months preceding the filing of the petition, and in which it prayed for an adjudication that he was a bankrupt. On November 12, 1901, Smith filed an answer, in which he denied that he had committed any of the acts of bankruptcy set forth in the petition, or that he was insolvent. His answer contained no other averment or denial. On January 30, 1902, other creditors of Smith filed a petition in the same court, in which they set forth the same acts of bankruptcy, and prayed that they might be permitted to join with the cordage company, and that a subpœna might be issued to Smith, and that he might be adjudged a bankrupt. On May 12, 1902, the court dismissed this petition on the ground that it was not properly verified, with leave to amend, and three of the petitioners made the requisite amendments on May 16, 1902. On the same day they made a motion to be permitted to join in the petition of the cordage company. On June 6, 1902, Smith filed an amended and supplemental answer, wherein he denied the acts of bankruptcy charged against him, and alleged that the original petition for bankruptcy was insufficient because it was a petition of but one creditor, and it failed to aver that the creditors of the alleged bankrupt were less than twelve in number; and that the second petition for bankruptcy was insufficient because the entire amount of the claims of those who verified it was less than $500. In June, 1902, the suit came to trial before a jury upon these issues, but reached no verdict, because the jury was discharged before the trial was completed. On August 2, 1902, the three creditors who had amended their verifications to the petition of January 30, 1902, made a motion to withdraw from the proceedings because Smith had paid their claims. On March 9, 1903, the alleged bankrupt made a motion to dismiss the original petition, and presented with it a list of seventeen creditors, but did not specify their addresses. On April 6, 1903, three creditors presented to the court petitions in bankruptcy and prayed leave to join the Plymouth Cordage Company, and the latter presented an amended petition, prayed that it be permitted to file it, that the three other petitioning creditors be permitted to join with it, that the court cause all the creditors of the bankrupt named in the list filed on March 9, 1903, to be notified of the pendency of the petitions in bankruptcy, and that it delay the hearing upon such petitions and upon the motion to dismiss for a reasonable time to the end that parties in interest should have an opportunity to be heard. The court denied all the applications of the creditors, and dismissed all the petitions.

Edwin A Krauthoff (Patrick S. Nagle, W. A. McCartney, J. V. C. Karnes, and Alexander New, on the brief), for petitioners.

W. W. Noffsinger (J. C. Robberts, on the brief), for respondent.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The course of this proceeding in bankruptcy in the court below has been tedious, tortuous, and confusing, and 27 alleged errors are presented for our consideration. It is, however, necessary to consider but one question, and that is, was the petition of the cordage company properly dismissed? The grounds relied upon in this court to sustain this dismissal are (1) that the petition was not filed in duplicate; (2) that it was not duly verified; (3) that it contained no averment that the defendant was not a wage-earner, or a person chiefly engaged in farming; (4) that it contained no averment that the alleged bankrupt had only twelve creditors; and (5) that some of the creditors who sought to join in the petition of the cordage company on April 6, 1903, were parties to the petition of January 30, 1902, who failed to amend their verifications.

The first reason for the dismissal of the petition is untenable, because it is not founded in fact. The cordage company, in its petition for review, avers, and the demurrer of the respondent admits, that the original petition of the cordage company was filed in duplicate. Moreover, the bankruptcy act shows that the only purpose of filing in duplicate is to furnish one copy for the clerk and one for service on the bankrupt. Act July 1, 1898, c. 541, § 59c, 30 Stat. 561, 562 [U. S. Comp. St. 1901, p. 3445]. There are decisions in In re Stevenson (D. C.) 94 Fed. 110, 115, and in In re Dupree (D. C.) 97 Fed. 28, that, when the duplicate is not filed within four months of the alleged act of bankruptcy, its absence is not waived by the general appearance of the respondent, and that the petition should be dismissed for want of jurisdiction. But the alleged bankrupt appeared and answered in the case in hand within four months of the alleged acts of bankruptcy, and without objection on the ground that the petition was not filed in duplicate. The copy for service on the bankrupt is for his benefit. The only object of requiring its filing is to give him a copy of the petition, in order to enable him to answer it. The right to it is a personal privilege, which he may demand and secure or may renounce and waive. As the only benefit of the privilege is to enable him more speedily and conveniently to answer the petition, an answer without a demand of the privilege is a waiver of it. It estops the bankrupt from thereafter insisting upon it, because it leads the petitioner to proceed and to incur expense in reliance upon the renunciation of the privilege which has become functus officio by the answer. For a like reason the second ground for the dismissal of the petition— the defect in its verification—was waived by the repeated answers of the alleged bankrupt. Leidigh Carriage Co. v. Stengel, 95 Fed. 637, 37 C. C. A. 210; Roche v. Fox, Fed. Cas. No. 11,974; In re Vastbinder (D. C.) 126 Fed. 417, 418.

The fact that the petition contained no averment that the alleged bankrupt was not a wage-earner or farmer was remediable by

amendment. Rules in Bankruptcy, 11, 89 Fed. vii, 32 C. C. A. xiv; In re Pilger (D. C.) 118 Fed. 206; In re Bellah (D. C.) 116 Fed. 69; Beach v. Macon Grocery Co., 120 Fed. 736, 57 C. C. A. 150; In re Brett (D. C.) 130 Fed. 981, 983; In re Mero (D. C.) 128 Fed. 630, 633.

But it is earnestly and persistently contended that the want of the averment that all of the creditors of Smith were less than twelve in number in the original petition of the cordage company was fatal to the jurisdiction of the court, and could not be cured by amendment. There are, however, several answers to this proposition, which appear to us to be conclusive. In the first place, the uniform practice of the federal courts, founded on the public policy of the nation evidenced by acts of Congress and the rules of the Supreme Court, is to permit amendments in all judicial proceedings where they are necessary to enable parties to reach the merits of the controversy they attempt to present, and where the allowance of such amendments will work no injustice to any one. The act of September 24, 1789, c. 20, § 32, 1 Stat. 91 [U. S. Comp. St. 1901, p. 696, § 954], which has remained in force for more than a century, and has inspired this practice, provides that no proceedings in civil causes in any court of the United States "shall be abated, arrested, quashed or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe." The rule in bankruptcy declares that "the court may allow amendments to the petition and schedules on application of the petitioner." Neither the act of Congress nor the rule in bankruptcy excepts jurisdictional averments from the power of the court to permit amendments, and the established rule is that jurisdictional as well as other averments may be inserted or reformed by amendment. Whalen v. Gordon, 37 C. C. A. 70, 73, 95 Fed. 305, 308; Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 752; Carnegie, Phipps & Co. v. Hulbert, 16 C. C. A. 498, 70 Fed. 209.

Again, neither the fact of the existence of twelve creditors at the time of the filing of the petition by a single creditor nor the averment of that fact is indispensable to the jurisdiction of the court or to an adjudication of bankruptcy upon the petition under the bankruptcy law of 1898. It is only essential that there shall have been twelve creditors at the time of the filing of the petition, or that sufficient creditors shall have joined before the adjudication to make three in number whose claims amount in the aggregate to $500. The bankruptcy act provides that if all of the creditors are less than twelve in number, one creditor whose claim amounts to $500 may file a petition to adjudge his debtor a bankrupt. But it also provides that, if he avers that the creditors are less than

twelve in number, and if the defendant answers that they are more than twelve, the latter shall file with his answer a list under oath of all the creditors, with their addresses; that thereupon the court shall cause all such creditors to be notified of the pendency of the petition, and shall delay the hearing upon the petition for a reasonable time, to the end that parties in interest shall have an opportunity to be heard; and that if upon such hearing it shall appear that a sufficient number have joined in the petition, or if prior to or during the hearing a sufficient number shall join therein the case may be proceeded with, but otherwise it shall be dismissed. Section 59d, c. 541, 30 Stat. 561, 562 [3 U. S. Comp. St. 1901, p. 3445]. The same section provides that creditors other than original petitioners may at any time enter their appearance and join in the petition. Section 59f. The fact that there is no averment that the creditors are less than twelve cannot be more fatal to the right of the petitioner to an adjudication in bankruptcy than the fact that he has made such an averment, which, upon the trial, proves to be without foundation in fact. The truth is that the contention of counsel for the respondent fails to distinguish between the averments essential to jurisdiction over the subject-matter and the parties and those requisite to invoke a favorable adjudication upon the petition. Jurisdiction of the subject-matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy or an insufficient complaint at law, accompanied by proper service upon the defendants, gives jurisdiction to the court to determine the questions it presents, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff. Allegations indispensable to a favorable adjudication or decree include all those requisite to state a complete cause of action, and they comprehend many that are not requisite to the jurisdiction of the suit or proceeding. The averment that all the creditors of Smith were less than twelve was not of the former, but of the latter, class. It was not essential to invoke the jurisdiction of the court over the parties to the proceeding and the property it involved, because the act of Congress gave that court, upon the filing of the petition of the creditor, jurisdiction to hear and determine the questions it presented, whether they were questions of jurisdiction or upon the merits. Not only this, but the averment that the creditors were less than twelve was not even essential to a favorable adjudication upon the petition, because the bankruptcy law provided that if two other creditors, whose claims were sufficient in amount, joined in the petition of the cordage company, the court might proceed to adjudicate the issue of bankruptcy upon the merits although the creditors exceeded twelve in number. The time when, under the bankruptcy law, the petitioning creditors must be sufficient in number and amount, is not at the inception of the pro-

ceeding, but at the time of the adjudication in bankruptcy. Creditors may join at any time before that adjudication and be counted to make up the number of creditors and the amount of claims required by the act. In re Brett (D. C.) 130 Fed. 981; In re Romanow (D. C.) 92 Fed. 510, 512; In re Mercur (D. C.) 95 Fed. 634; In re Mackey (D. C.) 110 Fed. 355, 363; Williams' Case, Fed. Cas. No. 17,700; Roche v. Fox, Fed. Cas. No. 11,974. The averment that there were less than twelve creditors of the alleged bankrupt was not, therefore, indispensable to the jurisdiction of the court, and it was competent for the court to permit its insertion in the petition by amendment.

This conclusion has not been reached without a perusal and thoughtful consideration of the opinion of Judge Holland in In re Stein (D. C.) 130 Fed. 377, wherein he holds that a petition which does not show on its face that the claims of the petitioners do not amount in the aggregate to $500 or over fails to give the court jurisdiction, and that it has no power to allow an amendment whereby other creditors are joined who have claims sufficient to make up the requisite amount. The ruling in that case is not necessarily inconsistent with our conclusion in the case at bar, and neither the decision nor the reasoning which is presented to sustain it commend themselves to our judgment.

Finally, the necessity and utility of an insertion of such an averment in the petition of the cordage company had ceased when the motion to dismiss the petition was made and granted. On January 30, 1902, six creditors petitioned, appeared, and filed a petition to join with the cordage company. Their appearance and prayer to join made them co-petitioners with the cordage company. The fact has not escaped our attention that no order of the court was made that these petitioners should be permitted to join with the cordage company. But no order was necessary. The law gave them permission to join, and when they had entered their appearance and signified their desire to join by a written petition, they became co-petitioners with the cordage company. Section 59f. From the time the petition of January 30, 1902, was filed until after the motion to dismiss the petition of the cordage company was made, there were in court at least four petitioners for the adjudication in bankruptcy. Hence, when the motion to dismiss the petition was filed, it was entirely immaterial whether the number of creditors was more or less than twelve. That motion was made on March 9, 1903. On March 23, 1903, the three petitioners other than the cordage company who had filed motions to withdraw from the petition in August, 1902, were allowed to do so. This order of allowance left the cordage company the only remaining petitioner. On April 6, 1903, four creditors presented their petitions to the judge of the court, and requested that they be permitted to join with the cordage company and the cordage company filed a petition wherein it prayed that the hearing upon these petitions and that the motion to dismiss be delayed for a reasonable time, and that all the creditors of the alleged bankrupt should be notified of the pendency of the petitions that they might have an opportunity to be heard. These pe-

titions were presented to the judge together with an application to amend the petition of October 31, 1901. The court denied the petitions and applications of the creditors, and dismissed the original petition of the cordage company. It is true that the order of dismissal of the original petition bears a filing at 9 a. m. on April 6, 1903, while the order which denied the petition of the Plymouth Cordage Company to amend its petition for a delay in the hearing and a notice to creditors, and which denied the petition of the other three creditors to join in the petition of the cordage company, was filed at 9:05 in the morning of April 6, 1903, and that it recites that it was made because the petitions in bankruptcy had all been dismissed. But the petition for review avers that the amended petitions, the applications to file them, and the application for a delay in the hearing of the motion to dismiss and for notice to the creditors were presented to the judge and denied before the motion to dismiss the original petition was granted. It is not, in our opinion, material whether these new petitions and applications were presented before or after the order of dismissal. They were presented on the same day, and within a few moments of, if not at the same time, that the order of dismissal was made. Whether presented before or after the signature of that order, the power was still vested in the court, and the duty still imposed upon it by the act of Congress, to conform these proceedings to the course there prescribed. That act expressly provides that creditors other than original petitioners may at any time enter their appearance and join in the petition; that when, after issue joined, the fact appears that there are more than twelve creditors, all the creditors shall be notified of the pendency of the petition, and the hearing shall be delayed for a reasonable time to the end that parties in interest shall have an opportunity to be heard (sections 59b, 59f, c. 541, 30 Stat. 561, 562 [3 U. S. Comp. St. 1901, p. 3445]); and that "creditors shall have at least ten days' notice by mail of the proposed dismissal of the proceedings" (section 58a, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]). If the case at bar did not fall within the literal terms of section 59d, because no issue had been made by an averment in the petition that the creditors were less than twelve, and an answer by the respondent Smith that they were more than that number, it was clearly within the purpose and intent of Congress and the fair meaning and spirit of that section. The act contemplates that, where this question of the number of creditors is material, the bankrupt shall file a sworn list of all his creditors, with their addresses. No such list had ever been filed, nor had it ever been material to file it, because until March 23, 1903—only 11 days before the petition was dismissed—there had been more than three petitioning creditors, whose provable claims amounted in the aggregate to more than $4,000. When the court permitted the withdrawal of three of these creditors, it was its duty under the law to give reasonable notice to all the creditors of the pendency of the petition for an adjudication in bankruptcy, and to give them all an opportunity to join in the petition. Moreover, whether the dismissal was in violation of section 59d or not, it violated the express provision of

section 58a that creditors shall have 10 days' notice by mail of the proposed dismissal of all proceedings. The disregard of this section alone necessitates the vacation of the order of dismissal. The order of dismissal was in violation of sections 58a and 59d of the bankruptcy law and in disregard of the usual practice in such cases, was erroneous, and deprived the creditors of substantial rights secured to them by the act of Congress.

The contention that the failure to give this notice does not constitute prejudicial error, and the citation of In re Jemison Mercantile Co., 112 Fed. 966, 968, 972, 50 C. C. A. 641, have been considered. In the latter case, upon the motion of all the petitioners, a petition in bankruptcy was dismissed without notice to the creditors. Eleven months and 23 days after this dismissal other creditors appeared, and asked permission to join in the dismissed petition and to prosecute the proceeding, and their application was denied. The court held that the dismissal of the petition without giving notice to the creditors was not void, and that the application was too late to be seriously considered. There is a wide difference between an order or judgment that is void and one which is erroneous and reversible upon appeal or petition for review. A dismissal of a petition without notice to creditors is not void because the bankruptcy court has jurisdiction of the subject-matter and of the parties, and its erroneous orders and judgments are as valid, in the absence of direct proceedings to review them, as those in which no error inheres. In the case of In re Jemison Mercantile Co. it was too late to review the order of dismissal 11 months after it had been made, and the court properly refused to disturb it. In the case at bar timely application to review the decree of the court below has been made. While that decree is not void, it is erroneous, because it was rendered without the notice to the creditors which the act of Congress requires, and the absence of that notice is fraught with probable consequences to the creditors too grave to be disregarded.

Nor is the absence of notice to creditors the only material error in this dismissal. There were creditors present who should have been permitted to join in the proceeding, and whose joinder would have furnished ample warrant for a denial of the motion to dismiss. At the time this petition was dismissed three creditors, at least two of whom held provable claims against the alleged bankrupt, had appeared in the court, presented proper petitions, and requested leave to join in the original petition. Two of them were sufficient to make the requisite number and amount to warrant a hearing and an adjudication in bankruptcy, and no sound reason is suggested why they should not have then been permitted to take the place of the three creditors whom the court had dismissed from the proceeding 11 days before. The suggestion that some of them had been parties to the petition of January 30, 1902, had failed to amend their verifications, and had retired from that petition under the order of the court, presents no tenable objection to their again becoming petitioners. The only amendment requisite to complete the petition of the cordage company was the insertion of an averment that the respondent, Smith, was not a wage-earner or a farm-

er. This amendment should have been allowed. The other petitioning creditors should have been permitted to join in the original petition, notice of its pendency and of its proposed dismissal should have been given to all the creditors, the disposition of the motion to dismiss should have been delayed for a reasonable time under section 59d of the bankruptcy law to the end that opportunity might be given to the creditors to join in the petition, and at the expiration of that time the question whether the suit should proceed to an adjudication upon the merits or the petition should be dismissed should have been determined by an ascertainment of the fact whether at that time three or more creditors, who had provable claims which amounted in the aggregate to $500 or over, had become petitioners.

The judgment of dismissal cannot be sustained. It must be vacated, and the case must be remanded to the court below, with directions to cause all the creditors of the alleged bankrupt to be notified of the pendency of the original petition and of the proposed dismissal of the proceedings under section 58a, to continue the hearing upon the motion for dismissal until ample time has been given to creditors after the receipt of notice to be heard upon the motion, to permit all creditors who desire to join in the petition to do so, and if before or during the hearing a sufficient number shall join, to proceed to an adjudication of the suit upon the merits, otherwise to grant the motion for dismissal; and it is so ordered.