RYAN et al. v. HENDRICKS.

(Circuit Court of Appeals, Seventh Circuit, October 6, 1908.)

No. 1,443.

1. BANKRUPTCY (§ 84*)—INVOLUNTARY PROCEEDINGS—AMENDMENT OF PETITION.
A petition in involuntary bankruptcy may be amended to set forth more fully and clearly the facts which show that an adjudication should be made, and, when made, the amendments relate back to the time of the filing of the original petition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. § 84.*]

2. BANKRUPTCY (§ 446*)—REVISION OF PROCEEDINGS—MATTERS REVIEWABLE.
Questions of fact cannot be reviewed by the Circuit Court of Appeals on a petition to superintend and revise the proceedings of a court of bankruptcy in matter of law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*]

Petition to Review and Revise an Order of the District Court for the Western District of Wisconsin.

Charles E. Pierce, for petitioners.

M. P. Richardson, for respondent.

Before BAKER and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. On October 25, 1906, two creditors filed a petition to have Logerman adjudged a bankrupt; and on the same day a receiver was appointed to take possession of Logerman's assets, which consisted of $688 in money in the hands of the sheriff of Rock county, Wis. This money had come to the sheriff as the result of selling Logerman's property, which on October 5, 1906, had been attached under process issued out of the circuit court of Rock county. On October 26, 1906, the sheriff distributed the $688 among various parties, including the petitioners.

On November 21, 1906, Logerman was adjudged a bankrupt, and a little later the respondent Hendricks was elected trustee. After the adjudication was entered, the court permitted certain amendments to be made in the petition for adjudication.

On December 29, 1906, the referee, after a hearing, directed the persons to whom the sheriff had distributed the money to pay it over to the trustee. This order of the referee was afterwards affirmed by the district judge.

Subsequently, on motion of the trustee that the holders of the money should show cause why they should not be punished for contempt in having refused to pay the money to the trustee as ordered, and after hearing the objections of the petitioners herein, the District Court entered the order of December 13, 1907, directing payment within three days. And this is the order which the petitioners seek to have revised.

The principal contention is that the District Court erred in holding that it had jurisdiction to make the order; the insistence of the peti-

tioners being that the adjudication of bankruptcy was void on account of defects in the petition at the time óf adjudication, and that the court was powerless, against the attaching creditors, to permit subsequent amendments.

The amendments related to the number of the petitioning creditors and the amount and nature of their claims, and to the occupation of the debtor. There is no doubt that at the time the original petition was filed Logerman was a bankrupt and all the conditions existed which made it proper for his estate to be administered under the bankruptcy law. If the original petition failed to set forth these conditions fully and clearly, the court did right in allowing the amendments; and the amendments, when made, related back to the time of the filing of the original petition and had the same effect as if originally incorporated therein. In re Williams, Fed. Cas. No. 17,700; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; In re First National Bank, 152 Fed. 68, 81 C. C. A. 260; In re Broadway Savings Trust Co., 152 Fed. 152, 81 C. C. A. 58; Loveland on Bankruptcy (3d Ed.) § 92. The District Court was right, therefore, in asserting jurisdiction to make the order of December 13th.

It is claimed that the order is erroneous in making these petitioners liable for the whole sum jointly with others, when the undisputed fact was that each person received from the sheriff a portion only, and that, on his own separate account. But that fact would not be inconsistent with the parties carrying out a common plan to get possession of the fund before the receiver appointed by the District Court could reach it. And the referee, after hearing evidence, found that the parties concerned were joint tort-feasors. The evidence on which the finding was based is not before us, and in proceedings of this character we do not review questions of fact.

The petition to revise is denied, and the order of the District Court is affirmed.

NOTE.—The following is the opinion of Sanborn, District Judge. in the court below:

SANBORN, District Judge. This is an application for an order committing certain persons for contempt for disobeying an order of the court of June 19, 1907, requiring them to pay over certain moneys paid to them by the sheriff of Rock county, Wis., as their share of the proceeds on a sale on attachment of property of the bankrupt. Upon the authority of In re Brett (D. C.) 130 Fed. 981, and the cases cited in the opinion (In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434, In re Berkebile (D. C.) 144 Fed. 572, and Gleason v. Smith, 145 Fed. 895, 76 C. C. A. 427), I am satisfied that the bankruptcy court had jurisdiction to make the adjudication, and that such jurisdiction extended to the money paid over by the sheriff to the defendants now sought to be charged in the contempt proceedings. I do not think, however, that the return of the marshal shows a good service on the bankrupt, and he will be permitted to amend his return by stating that the service was made at "his" usual place of abode, instead of "her" usual place, etc. Defendants, however, may file an affidavit as to the facts of Logerman's whereabouts, when he left home, etc., if they so desire. in opposition to the proposed amendment.

In view of the fact that considerable doubt existed as to the power of the court to order amendments, and as to its jurisdiction, and of the fact that the rule in the state court is not as liberal as in the United States court, no fine should be imposed for the failure to obey the order; but costs may be taxed,

to be fixed by the court. It is evident that the defendants have refused compliance with the order because they doubted its validity, and not because they intended to defeat or willfully disregard the process of the court.