FIRST STATE BANK OF CORWITH, IOWA, v. HASWELL et al.

(Circuit Court of Appeals, Eighth Circuit. November 8, 1909.)

No. 2,989.

1. BANKRUPTCY (§ 161*)—VOIDABLE PREFERENCES—TIME OF GIVING PREFERENCE—DATE OF FILING PETITION—EFFECT OF AMENDMENT.

Amendments to a petition in involuntary bankruptcy filed by a single creditor, by which other creditors join therein, and setting out their claims, relate back to the filing of the petition, and, although such joinder was necessary to the sufficiency of the petition, do not advance the date of its filing, which, under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1314), fixes the four months' period within which transfers by the bankrupt are preferential.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. BANKRUPTCY (§ 81*)—INSUFFICIENCY OF PETITION—DEFECTS CURABLE BY EVIDENCE.

In a petition in involuntary bankruptcy, alleging a preferential transfer of land as an act of bankruptcy, an insufficient description of the land, where not objected to by demurrer, may be cured by the evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 113–118; Dec. Dig. § 81.*]

3. BANKRUPTCY (§ 467*)—APPEAL FROM DECREE OF ADJUDICATION—PRESUMPTIONS.

Where an insufficiency of allegation in a petition in bankruptcy was such that it might be cured by the evidence, and the evidence is not in the record, an appellate court will presume, in support of a decree of adjudication, that it established the facts so insufficiently alleged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Northern District of Iowa.

In the matter of John H. Standring, bankrupt. A decree of adjudication was entered in involuntary proceedings, from which the First State Bank of Corwith, Iowa, by W. C. Oelke, its receiver, appeals. Affirmed.

C. R. Wood, for appellant.

D. M. Kelleher, Maurice O'Connor, and Burt J. Thompson, for appellees.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

ADAMS, Circuit Judge. This is an appeal from an order of the District Court adjudicating John H. Standring an involuntary bankrupt. It is prosecuted by the receiver of the First State Bank of Corwith, which was charged in the petition filed March 19, 1908, with having received an unlawful preference by the conveyance to it of a

certain tract of land within four months before the filing of the petition. The giving of that preference was the act of bankruptcy counted on in the petition.

The petition was filed by one creditor, who alleged that the debtor had less than twelve creditors known to him. No answer was filed by the debtor; but the bank, whose conveyance was attacked, filed one disclosing, among other things, that there were more than twelve creditors, and stating their names and addresses, as required by section 59d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]). The requisite number of creditors joined with the original petitioner, as authorized by that section, in an amendment which was filed June 22, 1908. This amendment, after averring that the new parties had provable claims against the debtor, stated that they adopted all the averments of the original petition, which remained unchanged by the amendment, "the same as though they had originally signed and joined in said petition." The bank afterwards filed an answer, alleging that the debtor was a wage-earner, and, therefore, not subject to the provisions of the bankruptcy act. The case was thereafter brought on for trial, the evidence of both parties was heard, and an order of adjudication was entered in the following words:

"It is adjudged and decreed by the court that the said John H. Standring be, and hereby is, adjudged a bankrupt upon the petition filed March 19, 1908, as amended; the amendment relating back to the date of filing the original petition, March 19, 1908."

The evidence heard below is not brought here, and we are, therefore, limited to a consideration of the case made by the pleadings, which alone are found in the record. The contention is that, as the original petition was defective for want of parties, the adjudication on that petition as amended, and the order relating the amendment back to the date of the original petition, was erroneous. The importance of this contention for the bank rests in this: If the "filing of the petition" within the meaning of section 60 of the bankruptcy act, concerning unlawful preferences, has relation to the filing of the original petition only, the preference which the bank received would be defeated, because less than four months had then elapsed since it was given. If, on the contrary, it has relation to the filing of the amendment, as in this case, the preference would be protected, because more than four months had then elapsed.

This contention is clearly untenable. Section 60a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1909, p. 1314]), provides that:

"A person shall be deemed to have given a preference if being insolvent he has within four months before the filing of the petition * * * made a transfer of any of his property," etc. * * *

The amendment as made in this case did not constitute "the petition," within the meaning of section 60. It did not by its terms purport to be a petition. It alleged no new act of bankruptcy. It consisted merely in striking out such allegations of the original petition

and substituting such other allegations as were requisite to show the joinder of the necessary parties, authorized by section 59d, and their status as creditors. The original petition then remained as if all the averments of the amendment had been bodily incorporated in it.

Congress, by the provisions of section 59, which seems to have been enacted to meet just such condition of things as is disclosed by this record, very manifestly intended, not that the original petition should be supplanted by the amendment there provided for, but that it might be supplemented by the joinder of other necessary creditors. This is made clear, not only by the provisions of subdivision "d," but by the provisions of subdivisions "e" and "f" of the same section. They all contemplate the retention of the original petition as the pleading upon which subsequent proceedings should be had. The general rule as repeatedly recognized by this court is:

"That the amendment to a petition which sets up no new cause of action, but merely amplifies and gives greater precision to the allegations in support of the cause of action originally presented, relates back to the commencement of the action." Crotty v. Chicago Great Western Ry. Co. (C. C. A.) 169 Fed. 593, and cases cited.

This rule is also applicable to cases where jurisdictional facts which existed at the time the original petition was filed are subsequently made to appear for the first time by an amendment. Goodman v. City of Ft. Collins, 91 C. C. A. 98, 164 Fed. 970, and cases cited. In Ryan v. Hendricks, 92 C. C. A. 78, 166 Fed. 94, the Court of Appeals of the Seventh Circuit applied the above-mentioned rule to just such a case as this. It said:

"The amendments related to the number of the petitioning creditors and the amount and nature of their claims and to the occupation of the debtor. There is no doubt that at the time the original petition was filed Longerman was a bankrupt, and all the conditions existed which made it proper for his estate to be administered under the bankruptcy law. If the original petition failed to set forth these conditions fully and clearly, the court did right in allowing the amendments, and the amendments, when made, related back to the time of the filing of the original petition, and had the same effect as if originally incorporated therein."

See, also, In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; In re Broadway Savings & Trust Co., 152 Fed. 152, 81 C. C. A. 58; In re Haff, 136 Fed. 78, 68 C. C. A. 646; State Bank v. Cox, 143 Fed. 91, 74 C. C. A. 285.

The learned district judge committed no error in the order of adjudication in decreeing that the amendment related back to the date of the filing of the petition. This decretal order stated only a legal consequence, and might have been omitted; but it was not erroneous merely because it was unnecessary.

The issue of fact presented by the bank's answer, to the effect that the debtor was a wage-earner, and, therefore, not subject to the provisions of the bankruptcy act, cannot be considered by us. The trial court by its decree of adjudication necessarily found that issue against the bank, and, as no evidence is preserved in the record, we are unable to review its finding.

The next error assigned is that the petition was fatally defective, because of an insufficient description of the land charged to have been

transferred to the bank. It was described as fractional quarters of "section 18, in township 94 north, of range 26 west of the 5th P. M." without specifying the county or state in which it was situated. It is unnecessary to decide whether this description was sufficient to identify the land. The rule is that every presumption must be indulged in favor of the correctness of a judgment rendered by a court of competent jurisdiction until the contrary appears. "Omnia præsumuntur rite et solemniter esse acta" is the maxim to be applied. Let it be conceded, then, that the petition failed to sufficiently describe the land charged to have been unlawfully conveyed, by not specifying the county or state in which it was located. Nevertheless the proof may have supplied the defect. The fact that the bank failed to bring the proof here for our consideration justifies us in the belief that it did so, and we ought, in the interest of justice, to so presume. The common-law rule of pleading was that:

"Where there is any defect, imperfection, or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission is cured by the verdict." Andrews' Stephen's Pleading, § 109.

This rule was applied by us in Keener v. Baker, 93 Fed. 377, 35 C. C. A. 350, and in Michigan Home Colony Co. v. Tabor, 141 Fed. 332, 72 C. C. A. 480, and in other cases cited in them. We held in those cases that after a judgment has been rendered it will be presumed, in the absence of a contrary showing, that the facts necessary to support it were proved, and the complaint will be treated as amended to conform to the proofs. If, therefore, there was a defect in the petition as complained of, we must presume, in the absence of a contrary showing, that it was supplied by the proof; otherwise, the adjudication of bankruptcy would not have followed. We feel specially inclined to indulge this presumption in the present case, because the record does not disclose that the alleged defect was ever called to the attention of the trial court, and because the facts of the case are not brought here for our consideration.

Finding no error in the proceedings below, the decree is affirmed.