## MILLAN v. EXCHANGE BANK OF MANNINGTON et al.

(Circuit Court of Appeals, Fourth Circuit. November 22, 1910.)

No. 977.

1. BANKRUPTCY (§ 84*)—AMENDMENT—EFFECT.

Amendments relating to the number of petitioning creditors in bankruptcy, the amount and nature of their claims, the occupation of the debtor, and to errors and deficiencies in the verification of the original petition, can be made more than four months after the commission of the act of bankruptcy, and, when so made, relate back to the date of the filing of the original petition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 84.*]

2. BANKRUPTCY (§ 85*)—PLEADING—INVOLUNTARY PETITION—"DUPLICATE."

Within four months subsequent to the commission of an act of bankruptcy, an involuntary petition was filed. On the same day the clerk of the district court made and certified a copy of such petition, which was delivered to the marshal with the summons, and was by him given to the defendant contemporaneously with the service of the summons. *Held*, that such copy made under such circumstances was a "duplicate" within the requirement that such petition must be filed in duplicate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 85.*

For other definitions, see Words and Phrases, vol. 3, pp. 2265–2266; vol. 8, p. 7645.]

On Petition to Superintend and Revise, in Matter of Law, proceedings of the District Court of the United States for the Northern District of West Virginia, at Philippi.

In Bankruptcy. In the matter of involuntary bankruptcy proceedings against A. F. Millan. An order was entered for an adjudication which the alleged bankrupt sought to have reviewed on a petition to superintend and revise in matter of law. Affirmed.

L. S. Schwenck, for petitioner.

E. M. Showalter, for respondents.

Before PRITCHARD, Circuit Judge, and McDOWELL and ROSE, District Judges.

ROSE, District Judge. On July 9, 1909, a petition asking that A. F. Millan be adjudged a bankrupt was filed in the court below by the Exchange Bank of Mannington and three other creditors. The act of bankruptcy alleged was the making of a conveyance while insolvent with intent to prefer one H. R. Furbee. It is not denied that the petition aptly charges the commission of the second act of bankruptcy. The objections made to it raise questions of form and of practice rather than of substance. It is said by the respondent: That the petition did not say that the debtor was not a wage-earner, nor that he was not principally engaged in farming or the tillage of the soil. The amended petition makes these allegations. It is objected that the petition is not properly verified. The verification of the amended petition seems in all respects sufficient. Walker v. Woodside (9th Circuit) 164 Fed. 680, 90 C. C. A. 644; 1 Remington on Bankruptcy, § 278.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is asserted that two of the creditors who united in the original petition were not creditors at the time the act of bankruptcy was committed. The amended petition says that both at the time the original and at the time the amended petition was filed the respondent had fewer than 12 creditors. One creditor, who was such at the time of the commission of the act of bankruptcy and of the filing of the original and of the amended petition, was a party to both petitions. It is therefore unnecessary to determine whether a creditor at the time of the filing of the petition is qualified to unite in it, although he was not a creditor when the act of bankruptcy was committed. The decisions are in conflict on this point, and we express no opinion upon it. Re Callison (D. C.) 12 Am. Bankr. Rep. 344, 130 Fed. 987, affirmed sub nomine in Brake v. Callison, 11 Am. Bankr. Rep. 797, 129 Fed. 201, 63 C. C. A. 359; Re Brinckmann (D. C.) 4 Am. Bankr. Rep. 551, 103 Fed. 65; Beers v. Hanlin (D. C.) 3 Am. Bankr. Rep. 745, 99 Fed. 695; Matter of David I. Hanyan, 24 Am. Bankr. Rep. 72, 180 Fed. 498.

The amended petition charged the same act of bankruptcy as that charged in the original petition and in substantially the same words. It is true that the amended petition was not filed until more than four months had elapsed after the commission of the act of bankruptcy charged. The law is well settled, however, that amendments relating to the number of the petitioning creditors, the amount and nature of their claims, to the occupation of the debtor and to errors and deficiencies in the verification of the original petition can be made more than four months after the commission of the act of bankruptcy. When so made they relate back to the date of the filing of the original petition. State Bank v. Haswell (Eighth Circuit) 23 Am. Bankr. Rep. 330, 174 Fed. 209, 98 C. C. A. 217; Ryan v. Hendricks (Seventh Circuit) 21 Am. Bankr. Rep. 570, 166 Fed. 94, 92 C. C. A. 78; In re Plymouth Cordage Co. (Eighth Circuit) 13 Am. Bankr. Rep. 665, 135 Fed. 1000, 68 C. C. A. 434; In re Bellah (D. C., Dist. of Del.) 8 Am. Bankr. Rep. 310, 116 Fed. 69.

The objection most seriously pressed upon us is that the original petition was not filed in duplicate, and that no duplicate original was filed within the four-month period. The record shows that the four months began to run from the 11th day of March, 1909, when the deed making what is alleged to be the preferential transfer was recorded. On the 9th of July, two days less than four months thereafter, the original petition was filed, and on the same day the clerk of the district court made and certified a copy of such petition which was delivered to the marshal with the summons and was by him given to the defendant contemporaneously with the service of summons. Collier on Bankruptcy (7th Ed.) 637, says that the law means by the word "duplicate" "two petitions, each an original, and not an original and a copy. This requirement is mandatory and failure to observe it is jurisdictional defect." Remington, § 283, more cautiously contents himself with saying that the law requires originals. These statements rest upon the supposed authority of two cases: In re Stevenson (D. C.) 2 Am.

Bankr. Rep. 66, 94 Fed. 110; In re Dupree (D. C.) 97 Fed. 28. In neither was the precise point involved. In each of them a single paper had been filed within the four-month period. In each of them an application was made after the four months had expired to permit the filing nunc pro tunc of a copy or a duplicate original. In the earlier case Judge Bradford allowed the copy to be filed, but subsequently upon full consideration held that the failure to file the petition in duplicate within the four months period was fatal and could not after the expiration of that period be cured. In the latter case Judge Purnell, having Judge Bradford's ruling before him, refused to let the copy be filed. In the case now before this court the original and a certified copy of the original were on the same day filed in the clerk's office and that day was less than four months from the date upon which the act of bankruptcy was alleged to have been committed. It is true that Judge Bradford made a very careful study of the question and reached the conclusion that the statutory requirement that the petition should be filed in duplicate would not be satisfied by filing an original and a copy. He, however, pointed out that such conclusion was not necessary to the decision of the case before him. Congress intended that creditors who seek to exercise the power given to them to throw debtors who have done certain things into bankruptcy shall act very speedily or not at all. Four months, and no more, is allowed them. If they take their debtor into the bankruptcy court they are bound to see that he shall have at once and without trouble or expense to him a duplicate of the petition they have filed against him in the clerk's office. It may be that they have no right to wait until after the four-month period before putting into the hands of the clerk the paper which the law says they shall file with the clerk that he may have it delivered to the alleged bankrupt. If that be true Judges Bradford and Purnell rightly decided the cases before them, the facts being as they were.

In the case now under consideration the original petition and the copy were both filed before the four months had expired. As the act itself declares, the only purpose of requiring duplicates of the petition to be filed is to provide what the Supreme Court in Official Form 4 refers to as a "copy" for the debtor, it could not be doubted that the law in any construction of it would be satisfied, although the body of one of the duplicate originals was written by one hand and the body of the other by another. The same judge who decided that "duplicate" as used in the statute did not mean an original and a copy, subsequently decided that the jurat or verification was no part of the petition. In re Bellah (D. C.) 8 Am. Bankr. Rep. 321, 116 Fed. 69.

If the creditors in person signed one petition and had some one else by their authority sign their names to the other, it is by no means clear on general principles that each would not be a validly executed original. If the body of the petition, the signatures to it, its jurat and verification may all be written in one duplicate original by the pen of one man and in the other by the pen of another, what difference can it make to the debtor whether the paper served on him purports to be a duplicate original or is a copy of the original certified under the hand of the clerk and the seal of the court?

In holding that the statute is fully satisfied when an original and a copy are both filed in the clerk's office before the expiration of the four-month period, we are satisfied that no violence is done to the letter of the law, and that every purpose which Congress intended by the provision in question is fully served. In re Plymouth Cordage Co., 13 Am. Bankr. Rep. 665, 135 Fed. 1000, 68 C. C. A. 434.

Affirmed.

NOTE.—Certiorari refused by Supreme Court January 9, 1911.