Mr. Justice Van Orsdel
delivered the opinion of the Court:
This is a statutory proceeding. In an action for damages for negligently causing the death of a person, the statute provides that the action shall be brought “in the name of the personal representative of such deceased person, and within one year after the death of the party injured;” that “such damages shall be assessed with reference to the injury resulting from such act, neglect, or default causing such death, to the widow and next of kin of such deceased person;” and that “the damages recovered in such action shall not be appropriated to the payment of the debts or liabilities of such deceased person, but shall inure to the benefit of his or her family, and be distributed according to the provisions of the statute of distribution in force in the said District of Columbia.” D. C. Code, secs. 1301—1303.
*578 The original declaration is assailed on the ground that it failed to state a cause of action, because the beneficiaries were not named. It is conceded that the defect was cured by the amendment, but, as the amendment was not filed within the one year allowed for the bringing of the action, it came too late. Therefore, the-sole question presented is whether the amendment stated a new cause of action ? If the amendment simply related baek to and cured the cause of action defectively stated in the original declaration, the bar of the statute cannot be invoked as a defense.
The primary cause of action consists in the charge that appellee negligently killed appellant’s intestate in the manner described in the original petition. The allegation of the existence of beneficiaries within the statute is undoubtedly essential to the right of recovery, and, as generally held by the courts, a verdict will not support a judgment or be sustained in its absence. But neither the cause of action nor the jurisdiction of the court depends entirely upon the naming of the beneficiaries. Without them the cause of action is at most defectively stated. That jurisdiction existed was sufficiently shown in the original petition.
Closely analogous to the case at bar are a number of Federal cases construing the bankruptcy act, which provides that the person whom it is sought to have adjudged an involuntary bankrupt must not be “a wage-earner or a person engaged chiefly in farming or the tillage of the soil.” 30 Stat. at L. 547, chap. 541, U. S. Comp. Stat. 1901, p. 3423. Also those construing the provision that requires as a condition precedent to the right of the petitioner to file his petition an averment setting forth the number of creditors. 30 Stat. at L. 561, chap. 541. Re Pilger, 118 Fed. 206; Re Bellah, 116 Fed. 69 ; Beach v. Macon Grocery Co. 57 C. C. A. 150, 120 Fed. 736; Re Brett, 130 Fed. 981; Re Mero, 128 Fed. 630; Re Plymouth Cordage Co. 68 C. C. A. 434, 135 Fed. 1000; Re Broadway Savings Trust Co. 81 C. C. A. 58, 152 Fed. 152; Re Haff, 68 C. C. A. 646, 136 Fed. 78; First State Bank v. Haswell, 98 C. C. A. 217, 174 Fed. 209.
*579 The general rule, as repeatedly stated by the Federal courts, is “that an amendment to a petition which sets up no new cause of action, . . . but merely amplifies and gives greater precision to the allegations in support of the cause of action - . . originally presented, relates back to the commencement of the action.” Crotty v. Chicago G. W. R. Co. 95 C. C. A. 91, 169 Fed. 593, and cases cited. In First State Bank v. Haswell, 98 C. C. A. 217, 174 Fed. 209, the court, referring to this rule, said: “This rule is also applicable to cases where jurisdictional facts which existed at the time the original petition was filed are subsequently made to appear for the first time by an amendment.” In Ryan v. Hendricks. 92 C. C. A. 78, 166 Fed. 94, the court, applying the rule to a bankruptcy case, said: “The amendments related to the number of the petitioning creditors and the amount and nature of their claims, and to the occupation of the debtor. There is no doubt that at the time the original petition was filed Longerman was a bankrupt, and all the conditions existed which made it proper for his estate to be administered under the bankruptcy law. If the original petition failed to set forth these conditions fully and cleai'ly, the court did right in allowing the amendments, and the amendments, when made, related back to the time of the filing of the original petition, and had the same effect as if originally incorporated therein.” Where large property rights are liable to be involved in the priority of liens and the rights of judgment creditors attaching within four months of the commencement of the bankruptcy proceedings, it might be assumed that a strict rule of pleading would be invoked; but on the contrary a very liberal and sensible rule has been adopted.
Conceding, as we must, that the averment setting forth the beneficiaries is one of the ingredients necessary to state a cause of action in a suit for the wrongful and negligent killing of a person, it is, nevertheless, but one of the elements, and does not, of itself, constitute the cause of action or a separate cause of action. The averment is essential, together with other allegations of the petition, to state a proper cause of action. Its omission merely results in stating a defective cause of action, which *580 may be cured by an amendment, which will' relate back in point of time to the filing of the original petition. Love v. Southern R. Co. 108 Tenn. 104, 55 L.R.A. 471, 65 S. W. 475; Geroux v. Graves, 62 Vt. 280, 19 Atl. 987; Burlington & M. R. Co. v. Crockett, 17 Neb. 570, 24 N. W. 219; Walker v. Lake Shore & M. S. R. Co. 104 Mich. 606, 62 N. W. 1032.
Counsel for appellee has cited many cases where it has been held that a petition which does not name the beneficiaries in an action based upon a statute similar to ours is so defective that it will not support a verdict; but that does not argue that the defect may not be cured by amendment before verdict and judgment. On the other hand, the courts of a number of States whose decisions are entitled to the highest respect support appellee’s contention that a petition so amended states a new cause of action. The question is one involved in difficulty, but we are constrained to adopt the liberal rule. Indeed, this court has established a liberal rule as to the right of amendment, in order that the ends of justice may be attained. Steven v. Saunders, 34 App. D. C. 321.
In District of Columbia v. Frazer, 21 App. D. C. 154, an amended declaration was filed after the bar of the statute of limitations had run, dismissing a codefendant, omitting acts of negligence originally alleged, and charging new and different acts of negligence. The court, sustaining the right of amendment, said: “Where, as in this case, there has been a substitution of the original declaration by an amendment, the test is whether the cause of action remains the same in substance, notwithstanding differences of specification. Howard v. Chesapeake & O. R. Co. 11 App. D. C. 330, 336; Texas & P. R. Co. v. Cox, 145 U. S. 593, 604, 36 L. ed. 829, 833, 12 Sup. Ct. Rep. 905. Applying this test, we are of opinion that there was no error in overruling the plea of limitation. The foundation of the action in both pleadings is the negligence of the defendant in the performance of its duty to keep its sidewalks in a safe -condition.” So here, the foundation of the action in both the original and amended petitions is the negligent shooting of appellant’s intestate by the appellee.
*581 In the recent case of Texas & N. O. R. Co. v. Miller, 221 U. S. 408, 55 L. ed. 789, 31 Sup. Ct. Rep. 534, suit was brought in Texas to recover damages for a death caused by the alleged negligence of the railroad company in Louisiana. The Louisiana statute, like ours, required the action to be brought within one year. The courts of Texas, under the prevailing rule in the State, refuse to take judicial cognizance of the statutes of other States, unless pleaded. The petition was filed within the year, but failed to set out the Louisiana statute under which the suit was brought. After the year had expired the defendant company answered, setting up the statute. The Texas court held that the answer cured the defect in the petition, which holding was affirmed by the Supreme Court. If a defect so vital as the failure to plead a statute upon which the cause of action is based could be cured by answer, it must follow logically that it could have been cured by amendment. There, the statute of Louisiana was required to be pleaded as a condition precedent to recovery. Here, the beneficiaries under the statute must be named in the declaration as a condition of recovery.
The original judiciary act, 1 Stat. at L. 91, chap. 20, U. S. Comp. Stat. 1901, p. 696, provides that no proceeding in civil cases in any court of the United States “shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the-right of the cause and matter in law shall appear to it, without, regarding any such defect or want of form, except those which,, in cases of demurrer, the party demurring specially sets down. together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other-than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its-discretion and by its rules, prescribe.” From this it will be-observed that in the establishment of the Federal courts a most; liberal rule of pleading was enjoined by statute. It should not. be the policy of the courts to defeat justice by indulging in. mere technicalities and fine-spun theories of pleading. Where- *582 an amendment does not operate totally to confer jurisdiction, or to change the canse of action or shift the right of action, but merely supplies an additional element essential to a proper statement of a cause of action defectively stated, or an additional jurisdictional averment essential to clothe the court with complete power to conduct the suit to a legal conclusion, it should be allowed.
The judgment is reversed, with costs, and remanded for further proceedings. Reversed.