Robertson, Ch. J.
Several defects in the papers on which the attachment was issued in this case might have been sufficient to warrant its discharge, were they not rendered immaterial by the facts proved not being sufficient to sustain the process. The law supposes every one to have two names—one of his family, and the other given at his baptism—and allows two fictitious names to be inserted when either of the real ones are unknown, but does not recognize a separate single letter as a name-. In this case the first name of the defendant was not given in the attachment. The affidavit to obtain it also was of a debt to the plaintiff Frank only, yet another person is added as co-plaintiff, whose presence as such is not accounted for.
Ho acts of removing, concealing or selling goods as a preparation for departure from the state are shown. The whole charge of “ removing and disposing of property, and departing ’ from the state with intent to defraud the plaintiffs,” rests on the testimony of a single witness, as to an offer by the defendant to sell her stock in trade. That witness was employed by the plaintiffs’ attorney to procure evidence; it does not appear why the plaintiff had any reason to suspect any fraud on the defendant’s part. He induced her to offer to sell the stock in such store to him, and, although entire strangers, entered into a confidential conversation with him, in which she offered to sell to him for less than to any one else, and requested him to keep the matter secret. This is alleged by him to have passed in the store, Ho. 370 Canal street, and in reference to that store, she stating that she had already sold the store Ho. 316 Canal street. Such testimony is subject to all the suspicions attached to that of an informer and a tempter.
The defendant, her son, and saleswoman at Ho. 370 Canal street, contradict the statement of such witness as to any conversation at that store, of any sale of its contents and goodwill, and state that the conversation was entirely as to the store Ho. 316, in the same street, where the defendant and her son were jointly interested. The mere sale of a *601 stock in trade, by itself, even where the owner is indebted, is not sufficient evidence by itself to warrant the inference of fraud. Mere indebtedness does not impose such disability on the owner. Other circumstances, of a hasty sale, at a low price, and with acts of concealment are necessary. The momentary petulance, even, of a debtor, in answer to the importunity of an eager or suspicious creditor, does not alone establish a deliberate design to secrete or dispose of property. The defendant had a large family dependent on her exertions; has always been industrious and attentive to her business ; still carries it bn regularly; and the property in one store is said by the plaintiff to be worth $2000, while all her indebtedness, as proved, does not amount to $400. It is hardly to be believed that she would have any motive to sacrifice her property, break up her business, and leave the state, merely to avoid paying such an amount; or that she could have made preparations for absconding, without some other evidence than an admission to a stranger, that she would sell to him at a low price; and was. desirous of keeping it secret. The case is not as strong as that of Mott V. Lawrence, (17 How. 559,) in which the attachment was vacated.
The attachment must be vacated, with $10 costs.