## HARDY *v.* MOORE.

*(District Court, S. D. New York.* November, 1880.)

1. PRACTICE.—Where an *alias* process was issued pursuant to an order of the court, on proof by affidavit that it acquired no jurisdiction under the original process, *held,* that this, in effect, vacated an interlocutory degree granted in proceedings under the original process to which a return had been made, which, if true, showed that the court had acquired jurisdiction; that, although the entering of an order vacating the decree would have been more regular, failure to do so did not render the *alias* process void.

2. SIGNING LIBEL.—Process issued on a libel sworn to by one of the proctors as attorney in fact, but unsigned except by the proctors by their firm name, is not void. The failure of the libellant or his agent to sign is, in such case, a defect amendable, but until amendment has been allowed the libel must be considered as still unsigned, though the proctor who swore to it as attorney in fact afterwards, but without leave of the court, signed the same.

  After judgment the court is bound to overlook this defect.
  Rev. St. § 3954.

3. NAME OF LIBELLANT.—Naming the libellant by the initials of his Christian name does not prejudice the defendant and is immaterial, though it seems so to name the defendant, in publication under an order of attachment, would vitiate the attachment.
  *Frank* v. *Levie,* 5 Rob. 599.

In Admiralty. Order to show cause.

On September 29, 1880, a libel was filed with prayer for process *in personam* and clause of foreign attachment. The process was accordingly issued, and on October 5th was re-

turned with the marshal's indorsement that he had `been unable to find the respondent, but had attached the credits and effects of the respondent in the hands of a garnishee. An interlocutory decree and order of reference were then entered on their default. Shortly after the said process was issued it was discovered that the libel, though sworn to, had not been signed except by the proctors as proctors. It was then signed, without permission of the court, by one of the proctors in behalf of the libellant, who had sworn to it as attorney in fact. Subsequently, on October 15th, on affidavit of one of the proctors, setting forth that when the said process was served the garnishee had no credits or effects of the respondent, but that it now holds such credits and effects acquired since that time, an *alias* process was directed by the court to issue, and an attachment was again levied by the marshal on the credits and effects of the respondent in the hands of the garnishee. On the return-day of this second process neither the respondent nor the garnishee appeared, and a second interlocutory decree and order of reference to a commissioner were entered. Testimony was taken before the referee, his report made and filed, costs taxed, and the final decree entered October 20th. On October 25th an order to show cause on affidavit was granted to the proctor for the respondent why the final decree and the process should not be vacated, or, if not vacated, why the respondent should not be allowed to appear herein and answer, etc.

*Samuel W. Weiss,* for respondent.

*Beebe, Wilcox & Hobbs,* for libellant.

CHOATE, D. J. The return of the marshal to the process shows that he made diligent search for the principal defendant and could not find him. The moving affidavits raise such question of the truth of this return that if it were material an inquiry would be ordered. But I think the order of the court that an *alias* issue, made on proof by affidavit that the court had acquired no jurisdiction by reason of having made no attachment, must be deemed to have vacated in effect the first interlocutory decree. It treats that decree as a nullity. It would have been proper and more regular to have entered

an order at the same time vacating the decree, but the failure to do so does not, I think, make the *alias* process void or irregular. The information the libellant's proctor had when he applied for an order that process with foreign attachment issue, was such as to authorize it; and there is nothing to show a want of good faith on his client's part in failing to communicate to his proctor all that he knew about the principal defendant's residence and place of business. The issue of the *alias* process was justified by the state of the facts existing when it issued, and it was duly served. Therefore, the question raised as to the service of the original process is immaterial. The libel should have been signed before process issued. It appears to have been signed by "Beebe, Wilcox & Hobbs" as proctors, and verified, as appears by the officer's certificate. I do not think the failure of Mr. Beebe to sign it, which on the affidavits seems to be admitted, made the process void. It was a defect which would have been cured by amendment. But no amendment having been allowed, the libel must be considered as still unsigned except by "Beebe, Wilcox & Hobbs" as proctors. I think if it was in fact verified, and that appears by the certificate, this is a defect the court is bound to overlook after judgment. Rev. St. § 954.

The libellant being named by his initials is immaterial. It does not prejudice the defendant. It might be quite otherwise if an attempt were made to publish against a *defendant* by his initials. He might be prejudiced thereby and the notice insufficient. *Frank* v. *Levie,* 5 Rob. 599.

Neither the principal nor the garnishee show any very good reason for not appearing. The garnishee appears to have supposed that it need not appear in obedience to the first process because it had no funds. It was so advised. This is the very reason why it should have appeared. It supposed it had funds when the second process was served, but now finds that another person claims the funds. I think, therefore, its default should be opened. The principal defendant appears to have had a proctor retained to attend to the business all the time, and why no appearance was entered does not appear, unless it was because the whole proceeding was regarded as

void on account of the defect in the libel, which was an error, as I think. But he now shows that he may have a defence on the merits.

Default opened as to principal defendant and garnishee, on paying the fees and expenses paid upon the reference; the principal defendant to file his answer, setting up defence referred to in his affidavit, within five days after entering order on this memorandum, and stipulating that the issues be referred to a commissioner for trial; either party, however, being at liberty to make any application to the court that he may be advised, in consequence of the libel being unsigned except by "Beebe, Wilcox & Hobbs," proctors, on one day's notice.