GREEN RIVER DEPOSIT BANK et al. v. CRAIG et al.

(District Court, W. D. Kentucky. August 23, 1901.)

1. BANKRUPTCY—VERIFICATION OF PETITION.

Petition in bankruptcy is not subject to motion to dismiss for want of jurisdiction because of failure of one of the petitioners to verify it.

2. SAME—ASSIGNMENT FOR CREDITORS.

An assignment for the benefit of creditors is of itself an act of bankruptcy, though the debtors are not insolvent.

3. SAME—PARTNERSHIP.

Where a partnership and the individuals composing it make an assignment for the benefit of creditors, the act of bankruptcy is committed by all.

In Bankruptcy.

John J. & L. H. McHenry, for plaintiff.

Joseph Noe, Joseph H. Miller, and J. R. Duffin, for petitioning creditors.

Sweeney, Ellis & Sweeney, for defendants.

EVANS, District Judge. On the 24th day of July, 1901, three creditors of Craig Bros., whose provable debts exceeded the sum of $500, filed a petition in bankruptcy against that firm and the members thereof, and prayed that they might be adjudged bankrupts, upon four distinct grounds, only one of which need be specifically mentioned. That ground was that A. J. Craig and John Craig, composing the firm of Craig Bros., and Craig Bros., within four months before the filing of the petition, had made a general assignment of all their property for the benefit of their creditors to James D. Camfield. This petition, when filed, was verified by only two of the creditors. On the 5th day of August, 1901, the debtors appeared by counsel, and filed: First, a motion to dismiss the petition for want of jurisdiction; second, a general and special demurrer; and, third, an answer to the merits, stating in the latter pleading, however, that they did not intend thereby to waive either their motion to dismiss or their demurrer. The motion to dismiss was based upon the contention that the court had not acquired and could not acquire jurisdiction of the proceeding, because, when the petition was filed, it had not been sworn to by each of the three petitioners who had joined in it. The court is of opinion that the objection urged is not, in a proper sense, jurisdictional, though a failure to make the verification required by the general rules in bankruptcy and by law might, upon the defendant's objection, result in checking the progress of the litigation until the verification was properly made. In re Simonson (D. C.) 92 Fed. 904, 1 Am. Bankr. Rep. 197. After the motion to dismiss was filed, namely, on August 7, 1901, the third creditor did duly verify the petition, and when that was done all that the debtors could demand in that regard had been performed. Besides, instead of waiting until this verification was made, the debtors, two days before it was done, filed an answer to the merits, and I am not sure that that of itself was not a waiver of the objection that the petition had not been verified by all three of the creditors. It seems to the court that it acquired jurisdiction of the case upon the filing of the petition, although it could, and upon the proper presentation of the matter would, have required that the pleading should be verified by the three petitioners before the defendants would be required to answer it. The motion to dismiss for want of jurisdiction is therefore overruled. Indeed, that precise motion does not seem to be the proceeding applicable to the difficulty which the defendants desire to meet at this point. A motion for a rule to require a proper verification would probably be the better step, and, if such rule was not complied with, the court might then dismiss the petition for that reason.

The demurrer filed is based upon the objection that the petition is not sufficient because it does not on its face state the fact to be that the defendants are not wage earners, and are not chiefly engaged in farming or in tillage of the soil. Section 4 of the bankruptcy act provides that "any natural person, except a wage-earner or a person engaged chiefly in farming or the tillage of the soil, * * * shall be subject to the provisions and entitled to the benefits of this act." With this section before it, the supreme court, in making the general

orders in bankruptcy, prescribed form No. 3 for petitions by creditors against a debtor, which, no doubt, has been generally followed in involuntary bankruptcy cases from that time until now. It might, I suppose, be quite fairly inferred that the judges of that court, in framing the rules and forms, considered the question whether the allegation that the debtor was not a wage earner, and was not chiefly engaged in farming or the tillage of the soil, was essential, and concluded that it was not. Otherwise, doubtless, the form prescribed would have included it. They probably thought that the exceptions named in section 4 could more properly be specially and affirmatively pleaded if the facts justified it, and that they need not be anticipated or negatived in the petition. Settling form 3 is strong evidence of this. The decisions upon the subject are contradictory, but the one most directly in point is that of the circuit court of appeals of the Seventh circuit in Re Taylor, 42 C. C. A. 1, 102 Fed. 728, 4 Am. Bankr. Rep. 515, where, however, an answer was filed after a demurrer was overruled, and the direct issue of fact upon the proposition was made. That case holds that the exceptions must be negatived in the petition. The answer in this case presents no plea or defense of that character, and I am much inclined to think that the defendants, by pleading to the merits, have thereby themselves overruled their demurrer, even if their answer did expressly assert that it was not intended to waive it. Mitf. & T. Pl. & Prac. 304; Story, Eq. Pl. § 688. The equity rules, and not the State Code of Practice, govern in bankruptcy proceedings. The difficulties upon this point, however, have happily been removed by an amended petition which expressly avers that the debtors are not chiefly so engaged and are not wage earners. The petition, construed with reference to section 5 of the act, sufficiently charges that the individual members of the firm of Craig Bros., as well as the partnership, made the general assignment for the benefit of creditors; and since the case of George M. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, it is not necessary to charge, nor for the fact to be, that the defendants were insolvent when the assignment was made. The assignment is of itself an act of bankruptcy. A copy of that paper, duly authenticated, has been filed as an exhibit to the petition. The demurrer to the petition is overruled. The answer does not deny that the general assignment was made. The defendants would be entitled to a jury to try the issues made as to the other acts of bankruptcy alleged, but as those issues have become immaterial by the admitted fact that the general assignment was made, and as they may now be disregarded, there is no issue for a jury to try, and one is not necessary.

At the hearing the evidence showed that on the 23d day of July, 1901, A. J. Craig and John Craig, individually and as the persons composing the firm of Craig Bros., both joined in making a general assignment to James D. Camfield of all their property, individual and partnership alike, for the benefit of all their creditors; and it inevitably results from these admitted facts, whatever may be the truth upon the other issues involved, that there must, upon that ground, be an adjudication both against the firm and the individual

members composing it. The proper rule seems to be that, where both the partnership and each of the individuals who compose it make the assignment, the act of bankruptcy is committed by all of them. The adjudication should therefore embrace both the firm and the individual members. Section 5, Bankr. Act; In re Meyer, 39 C. C. A. 368, 98 Fed. 976, 3 Am. Bankr. Rep. 559; .In re Grant (D. C.) 106 Fed. 497, 5 Am. Bankr. Rep. 838. Orders accordingly may be prepared.