## In re FRANK.

(District Court, E. D. Pennsylvania. June 23, 1916.)

### No. 5639.

BANKRUPTCY ☞84—PETITION—VERIFICATION.

    Under Bankr. Act July 1, 1898, c. 541, § 18c, 30 Stat. 551 (Comp. St. 1913, § 9602), declaring that all pleadings setting up matters of fact shall be verified under oath, an involuntary petition in bankruptcy cannot be amended, where the petitioning creditors knew nothing of the alleged acts of bankruptcy, and the petition was not sworn to before a notary, although it bore a notary's certificate, for, as there was no verification of the petition, but only a falsification, there was nothing to amend.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129; Dec. Dig. ☞84.]

In Bankruptcy. In the matter of the bankruptcy of Charles Frank. Application by petitioning creditors for leave to amend. Application denied.

Jacob I. Weinstein, Fox & Rothschild and Joseph Sternberger, all of Philadelphia, Pa., for petitioning creditors.

Clinton A. Sowers, of Philadelphia, Pa., for alleged bankrupt.

THOMPSON, District Judge. At the trial upon the issue of the bankruptcy of Charles Frank, the three subscribers to the creditor's petition were called, and from their sworn testimony it appeared that, at the time they respectively signed the petition, they had no knowledge of any of the acts of bankruptcy alleged therein, and that they did not make oath to the petition before the notary public who attached his jurat thereto. Upon this state of facts, the petition was dismissed because it did not meet the requirements of section 18c of the Bankruptcy Act, providing that:

"All pleadings setting up matters of fact shall be verified under oath."

The depositions of the three subscribers are now presented in support of a petition to permit the filing nunc pro tunc, as of November 20, 1915, of an amended petition in bankruptcy, reciting the same facts as those recited in the petition filed on that date, and properly verified by the petitioning creditors. There is no pretense upon the part of any of them that they swore to the petition in bankruptcy before the notary public, who solemnly certified under his official seal that they had appeared and made oath before him, but they now swear to knowledge of the alleged acts of bankruptcy. In so far as the facts now sworn to are contradictory to those deliberately, freely, and voluntarily testified to under oath by the deponents in court, their depositions cannot be considered. It appears from the depositions that the petitioners in this case have been accustomed to having affidavits in bankruptcy proceedings taken in this manner. It is to be hoped that such a practice is not general among creditors in bankruptcy proceedings. But it is urged by counsel that:

"While in theory the taking of an oath out of court is accompanied with a certain degree of formality, in fact much of that formality is customarily dispensed with."

If that means that the practice which was followed in this case is that customarily followed, and that the appearance of the affiant, to a pleading to be filed in court, before an officer who certifies that an oath has been taken before him, is a mere formality, which is customarily dispensed with, it is sufficient to say that the custom will have no recognition in this court.

The filing of a petition in bankruptcy is not a matter to be recklessly undertaken. The business, the credit, the financial standing, the property and reputation of the person against whom the petition is filed are at stake. The filing of the petition is frequently followed by the appointment of a receiver, which results in taking away from the alleged bankrupt all of his property, closing up and ruining his business and destroying his credit. Thus irreparable damage may result from an honest mistake. Stringent as the provisions of the act are, they do not contemplate that creditors may invoke the jurisdiction of the court where, without knowledge of the facts, they recklessly subscribe

to a petition setting out acts of bankruptcy without even the so-called "formality" of having appeared before a notary public for the purpose of making oath to the petition, and where the notary public falsely certifies that oath was made before him. Such a certificate is not a verification. It is a falsification.

There was no verification to the petition in this case; consequently there is nothing to amend.

The petition is dismissed.