In re FRANK.

Appeal of SHEIBLEY TYLER CO. et al.

(Circuit Court of Appeals, Third Circuit. February 23, 1917. Rehearing Denied March 9, 1917.)

No. 2187.

1. APPEAL AND ERROR ⬥959(1)—PLEADING ⬥236(1)—REVIEW—DISCRETION OF COURT—AMENDMENT TO PLEADING.

The allowance of amendments to pleadings is in the discretion of the court, and such discretion will ordinarily not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825, 3826; Pleading, Cent. Dig. § 601.]

2. BANKRUPTCY ⬥84—INVOLUNTARY PROCEEDINGS—AMENDMENT—VERIFICATION OF PLEADING.

Where it appeared at the trial on a petition for involuntary bankruptcy that the petition had not been verified, the refusal of the court to permit it to be verified, based on the ground that the testimony already given had shown that petitioners had no personal knowledge of the facts which they sought to verify as within their knowledge, was not an abuse of discretion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 126–129.]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

In the matter of involuntary proceedings in bankruptcy against Charles Frank. From an order of the District Court dismissing the petition (234 Fed. 665), the Sheibley Tyler Company and others, petitioners, appeal. Affirmed.

Alexander Simpson, Jr., Jerome J. Rothschild, and Joseph Sternberger, all of Philadelphia, Pa., for appellants.

Clinton A. Sowers and Robert M. Bernstein, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This is an appeal from an order of the District Court, dismissing an involuntary petition in bankruptcy against Charles Frank. The facts are as follows:

On November 20, 1915, the petition was filed, charging Frank with certain preferential payments, and also with the fraudulent removal of goods. He accepted service of the subpœna, entered an appearance and afterwards filed an answer, in which he denied the preferences and the fraudulent removal, but admitted the other averments in the petition. He demanded a jury trial, and while this was proceeding, certain facts were testified to concerning the verification of the petition. The paper is regular on its face, and the oath is certified to by Meyer Sack, notary public, but his statement was shown to be untrue. Sack had apparently been guilty of flagrant misconduct, for the paper had been presented to the petitioners by Daniel Meyers, an employé of one of the petitioners' attorneys, and none of the petitioners had

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sworn to it before Sack. Meyers (who also may have been a notary) did not attempt to administer an oath, and Sack's conduct seems to have been a deliberate violation of duty, which he did not try to explain. Thereupon the bankrupt moved to dismiss the proceedings, alleging that the petition had not been properly verified, and that he had learned this fact for the first time at the trial. The petitioners offered orally to correct the admitted defect by taking the oath nunc pro tunc, but the court refused to permit the amendment and dismissed the petition. A week later, the petitioners presented a formal application praying to be allowed to verify either as of November 20, or as of February 18 the date of the oral application. They attached a duplicate creditors' petition properly verified, and asked also that the order of dismissal be vacated. To this the bankrupt filed an answer, and on the issue thus formed depositions were taken and counsel were heard, the result being that the District Judge refused the amendment again, and adhered to his former order. The present appeal attacks the correctness of all these rulings.

[1] The reasons that moved Judge Thompson will be found in his opinion reported in 234 Fed. 665. We think it unnecessary to add much to what he has there said. While amendments are, and should be, freely allowed in the federal courts, it must not be forgotten that the allowance is in the discretion of the court, and that such discretion will not ordinarily be disturbed. The record before us shows that the amendment was refused at the trial on the ground that "the defect was jurisdictional and was not susceptible of amendment * * * that, there being no verification made to the petition, there was nothing to amend." This is the principal point of attack, and the appellants rely on the decisions in Leidigh Carriage Co. v. Stengel, 2 Am. Bankr. Rep. 383, 95 Fed. 637, 37 C. C. A. 210; Re MacNaughton, 16 Fed. Cas. 323; Re Plymouth Cordage Co., 13 Am. Bankr. Rep. 665, 135 Fed. 1000, 68 C. C. A. 434; Re Vastbinder (D. C.) 11 Am. Bankr. Rep. 118, 126 Fed. 417; Millan v. Exchange Bank, 24 Am. Bankr. Rep. 889, 183 Fed. 753, 106 C. C. A. 327; Ryan v. Hendricks, 21 Am. Bankr. Rep. 571, 166 Fed. 94, 92 C. C. A. 78; Conway v. German, 21 Am. Bankr. Rep. 577, 166 Fed. 67, 91 C. C. A. 653; Re Pangborn (D. C.) 26 Am. Bankr. Rep. 40, 185 Fed. 673; Commonwealth v. Barnett, 199 Pa. 177, 48 Atl. 976, 55 L. R. A. 882; Walden v. Craig, 14 Pet. 147, 10 L. Ed. 393; Hardy v. Moore (D. C.) 4 Fed. 843; Bank v. Manufacturing Co., 52 Fed. 98, 2 C. C. A. 637, 18 L. R. A. 201; Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248; Nevada Co. v. Farnsworth (C. C.) 89 Fed. 164; MacDonald v. Nebraska, 101 Fed. 171, 41 C. C. A. 278; and Mexican, etc., Co. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715.

[2] As it seems to us, however, the question thus raised need not be considered. Assuming, but not deciding, that the defects were jurisdictional but were also amendable, it is apparent from the opinion of the district judge that he rested his final action on another ground as well. The original petition contained positive averments (not averments on information and belief) that the acts of bankruptcy charged had been committed, and the amended petition contains the same aver-

ments. The record before us does not show what the petitioners testified to during the trial, but the trial judge (who heard this testimony) evidently regarded it as a contradiction of "the facts now sworn to," that is, the facts presented to him on the formal application to amend. He based his refusal, at least in part, on this contradiction, and as we have no means of reviewing the correctness of his statement we accept it as true. If true, the court was asked to permit the filing of an amended petition in which the petitioners swore to positive averments of fact, although they had already testified that they had no such knowledge as would justify the averments.

In refusing to allow the appellants to take such a contradictory attitude, we cannot say that the court abused its discretion, and accordingly the orders appealed from are affirmed.