## In re EDIE.

(District Court, W. D. Pennsylvania. August, 1923.)

1. Bankruptcy ⬡413(3)—Affidavit annexed to objections to discharge held insufficient.

An affidavit annexed to objections to discharge of bankrupt, made by W. S. C. for O. W., objecting creditor, was insufficient, where W. S. C. was a stranger to the record, and not an attorney at law, and it did not appear by the affidavit that he had a right to represent O. W., or had knowledge or means of knowledge relative to the objections.

2. Bankruptcy ⬡413(3)—Attorney at law or in fact may attest objections to discharge only when exceptional circumstances stated.

An attorney at law or in fact may attest objections to a discharge of the bankrupt only under exceptional circumstances, and those circumstances should be set forth in the affidavit.

In Bankruptcy. In the matter of the estate of John B. Edie, bankrupt. On petition to dismiss specification of objections of Oliver Wolf to discharge. Petition granted.

McVicar, Hazlett Gardner & Gannon, of Pittsburgh, Pa., for creditor.

Alter Wright & Barron, of Pittsburgh, Pa., for bankrupt.

GIBSON, District Judge. The bankrupt, John B. Edie, has filed his application for discharge. Within due time, specifications of objections were filed by or on behalf of one Oliver Wolf, a creditor. The bankrupt, in turn, filed his petition in this court for a rule upon said Oliver Wolf to show cause why the specifications of objections should not be dismissed, for the reason that such specifications were not verified as required by the Bankruptcy Act (Comp. St. §§ 9585–9656). Rule issued as prayed for, and later the matter was heard.

The specifications of objections were signed "Oliver Wolf, Objecting Creditor, per W. S. Cook." The affidavit sustaining the objections reads as follows:

"Western District of Pennsylvania, County of Allegheny, ss:

"W. S. Cook, for Oliver Wolf, objecting creditor above named, being duly sworn according to law deposes and says that the facts set forth in the foregoing specifications are, as he is informed and believes, true and correct.

"(Signed)   W. S. Cook.
"Oliver Wolf, per W. S. Cook.

"Sworn to and subscribed before me this 19 day of June, 1923.   John H. Wallace, 4112 Jenkins Arcade.

"[Seal.]                              John H. Wallace, Notary Public.
"My commission expires April 1, 1927."

[1] The affidavit annexed to the objections is very plainly insufficient. W. S. Cook is a stranger to the record, and has no right to file any objection in his own name to the discharge; nor does it appear by the affidavit that he has a right to represent Oliver Wolf, who purports to be the objecting creditor. He is certainly not an attorney at law registered in this court, and the affidavit does not show him to be an attorney in fact.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] An attorney at law or in fact may attest objections to a discharge, it is true, but not by any such indefinite affidavit as was filed in the present matter. As has been said, time and again, by various courts, such attestation should be made only under exceptional circumstances, and those circumstances should be set forth in the affidavit. The attestation herein is silent as to the right of W. S. Cook to represent Oliver Wolf, and as to the circumstances, if any, which prevented Oliver Wolf from making affidavit to the objections filed. In addition, the affidavit fails to set forth any knowledge or means of knowledge on the part of W. S. Cook relative to the objections.

At the hearing, the possibility of curing the defective affidavit by amendment was discussed, but, although a considerable time has intervened, no such request has been made. In view of the decision of the Circuit Court of Appeals for this circuit in In re Frank (D. C.) 37 Am. Bankr. Rep. 19, 234 Fed. 665, it is somewhat doubtful if such an amendment could be allowed; but this we do not, at this time, decide.

An order will be drawn making the rule absolute and dismissing the specifications of objections.