**In re WATAUGA STEAM LAUNDRY.**

**No. 5177.**

District Court, E. D. Tennessee,
Northeastern Division.

Nov. 21, 1947.

M. S. Bangs and Edward S. Webb, both of Elizabethton, Tenn., for petitioners.

Seiler & Hunter, of Elizabethton, Tenn., and Milligan & Haynes, of Greeneville, Tenn., for debtor.

TAYLOR, District Judge.

A petition was filed by three creditors to have the Watauga Steam Laundry adjudged an involuntary bankrupt, and a hearing has been had on a motion of the debtor to strike and dismiss the petition and two motions of the petitioners, one to strike the debtor's motion and for leave to amend the petition, the other to have the debtor adjudged a bankrupt. As will be seen, the case, at the hearing, took an unusual turn, and the Court is called upon to examine its position with respect to the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, particularly with respect to Rule 15.

The chronology of the record is important. Prior to August 22, 1947, a bill was filed in the Chancery Court at Elizabethton,

Tennessee, against the debtor, petitioning that court to appoint a receiver for this debtor. On August 22, 1947, the receiver was appointed. On August 27, 1947, the bill was sustained as a general creditors' bill, notice by publication was ordered, directing creditors to file their claims by February 28, 1948, the receiver was directed to take exclusive possession of the debtor's assets, claimants were enjoined from instituting suits against the debtor, and pending suits were stopped.

On October 10, 1947, receivership assets were being liquidated and claims of creditors were being received, when three creditors filed this petition to have the debtor adjudged an involuntary bankrupt. Three acts of bankrupt were averred,—making a preferential conveyance, granting a preferential lien, and allowing a receiver to be appointed and a general creditors' bill to be sustained against the debtor in a state court. The petition prays that this Court appoint a receiver to take over and preserve the debtor's assets, and enter an order enjoining further proceedings in the state court and restraining creditors from suing the debtor, and for such other relief as prayed or deemed necessary.

On October 24, 1947, the debtor moved the Court to strike and dismiss the petition: (1) Because the verification on information and belief does not comply with the law; (2) because one of the petitioners is a preferred creditor and the provable claims of unsecured petitioners total less than $500; and (3) because the averments in the petition of preferential conveyance and lien are false and fraudulent.

In proof of the falsity of two averments, affidavits were filed with the motion to strike and dismiss, one to the effect that the alleged conveyance was not made by the debtor; the other, that the lien was created more than four months before the filing of the petition, the date of the lien being May 6, 1947, and the recording date being May 27, 1947, as shown in Miscellaneous Record Book 6, page 5, of the Register's Office of Carter County, Tennessee.

Petitioners, in their briefs and arguments, do not refute the affidavits of the debtor, but rely upon the one act of bankruptcy

that is not controverted, namely, the suffering of a receiver to be appointed and a general creditors' bill to be sustained.

Counsel for petitioners, on October 31, 1947, gave notice to debtor's counsel that on November 6, 1947, petitioners would present two motions, one for leave to amend the verification, the other to strike the debtor's motion to dismiss and to have the debtor adjudged a bankrupt.

A hearing was had as to the three motions November 6, 1947. It was at this hearing that the unusual development occurred, which the Court then and subsequently regarded with exceptional interest. Having examined the pleadings, including motions, affidavits, and exhibits, and listened to arguments, the Court indicated an inclination not to interfere with the receivership proceedings in the state court, partly because of the progress of the proceedings there and partly because of lack of any showing that the interests of creditors would be better served by an adjudication of bankruptcy. The Court then expressed the opinion that leave to amend the petition should be denied. Whereupon, counsel for petitioners declared that under Rule 15(a) the petitioners had a right to amend their petition without leave of the Court. In fact, the motion for leave to amend had, a few minutes before, been filed with the clerk as an amendment without the Court's leave, and the Court was advised by counsel for petitioners that the motion for leave to amend should stand as an amendment. This assertion of right which, it must be assumed, was made in good faith, nevertheless confronted the Court with the question whether it was impotent to do in a given situation what the requirements of justice strongly indicated should be done.

The Court is cognizant—assuming the applicability of the rule—of the right of a party to amend his pleading once without leave, if timely and properly done, under Rule 15(a). It is apparent, however, that the rule was designed for the benefit of the party, and it is a well-recognized procedural principle that a party may waive rights preserved peculiarly to him. Here the petitioners disregarded that part of Rule 15(a) which it is now urged gave them

a right to amend once without leave, and elected to proceed under another provision of the rule by applying for leave to amend. They gave notice to debtor's counsel of the day and hour when they would move for leave to amend their petition, debtor's counsel prepared for the hearing, court convened, and arguments of counsel were heard. Having assembled the machinery of justice for a hearing, the movants, figuratively speaking, walked out of the meeting, having, so it appeared, decided their own case. Since technicalities have been invoked, it must be considered that, by their elected procedure, the petitioners had waived their right to amend without leave, and their subsequent attempt to so amend was ineffective.

But the decision here is not rested upon that ground. The character and significance of the attempted amendment, instead of helping the petition, militate against it. The proposed amendment merely corrects the verification. Affidavits attached to the debtor's motion to dismiss the petition charge that two acts of bankruptcy were falsely alleged. The original verification was on information and belief. But now the petitioners indicate their readiness to make oath that the averments of the petition are true. This, in form, would correct the verification, but, in view of the affidavits above mentioned, the verification in substance would become a falsification. In the case of In re Frank, D.C., 234 F. 665, where a similar situation existed, the court, finding that the verification was both false and insufficient, refused leave for its amendment, taking the position that there was no verification, hence nothing to amend. The Circuit Court of Appeals, 3 Cir., 239 F. 709, while affirming on other grounds, took note of the court's view in the mentioned particular without disapproving.

Here two of petitioners' averments of acts of bankruptcy are declared upon affidavits to be untrue. Assuming that petitioners were not familiar with the affidavits when they undertook to amend their petition, they later became familiar with them. They have had opportunity, also, to refute them, and they have not done so. Thus a defect enters into the merits of the petition, which amendment of the verification cannot cure. In re Frank, 3 Cir., 239 F. 709. To the District Court's view in the Frank case that there was nothing to amend, is added that court's second reason for denying leave to amend, with which the appellate court agreed, that is, that a petition, faulty in substance, cannot be cured by an amended verification.

This Court recognizes that amendments should be freely allowed in the interest of justice; conversely, that amendments should not be allowed when it appears that the interests of justice might be inpaired by the allowance. A given rule may not be regarded as an isolated and rigid rule of procedure, to be relied on arbitrarily, irrespective of its effects. Substance rather than form is the determining factor in application of the Rules. This principle is expressly recognized in Rule 8(c), which provides: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation." See Thierfeld èt al. v. Postman's Fifth Avenue Corp. et al., D.C., 37 F. 958. Courts have followed this principle in other situations, even in the absence of specific provisions therefor. For example, a motion for judgment on the pleadings under Rule 12(c) has been treated as a motion to dismiss under Rule 12(b). Liquid Carbonic Corp. v. Goodyear Tire & Rubber Co., D.C., 38 F. 520. A motion to strike under Rule 12(f) has been treated as a motion to dismiss under Rule 12(b) (6). United States v. Edward Fay & Son et al., D.C., 31 F.Supp. 413. In another case there was a motion to amend under Rule 15, in order to take advantage of a right preserved in Rule 38, and in order to grant the relief the court treated the motion as one provided in Rule 6(b). Buggeln & Smith, Inc. v. Standard Brands, Inc., D.C., 27 F.Supp. 399. In a number of cases a motion to dismiss under Rule 12(b) has been treated as a motion for summary judgment under Rule 56(b). Monjar v. Higgins, D.C., 39 F.Supp. 633; Weil et al. v. N. J. Richman Co., Inc., D.C. 34 F.Supp. 401; Central Mexico Light & Power Co. et al. v. Munch et al., 2 Cir., 116 F.2d 85, 87. In the last-cited case, the court said: "It is not important whether the objection

is called a motion to dismiss or one for summary judgment. Since the same relief is sought, the difference in name is unimportant." In a discovery case, the relief sought was considered more important than the Rule under which it was sought. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385. In United Automatic Rifles Corp. v. Johnson et al., D.C., 41 F.Supp. 86, there was a motion for summary judgment under Rule 56 on jurisdictional grounds. The court thought there should have been a motion to dismiss under Rule 12(b), or a suggestion of want of jurisdiction under Rule 12(h), but the court accepted the hybrid product in order to confine its action to the merits of the case.

Construing the debtor's motion here according to its effect rather than its form, the motion to strike and dismiss, supported by affidavits which go to the merits of the petition, may properly be treated as a motion for summary judgment under Rule 56(b). Ordinarily a motion is not regarded as a responsive pleading. Johnson & Gould v. Joseph Schlitz Brewing Co., D.C., 28 F. Supp. 650. But when the motion is construed by its effect and not by its form, it may be a responsive pleading. This is particularly true where the effect of granting the motion is to dispose of the case on its merits. Triangle Conduit Cable Co., Inc., v. National Electric Products Corp., D.C., 38 F.Supp. 533.

As this Court indicated at the hearing on motions, it is of the opinion that the petition for involuntary bankruptcy is not meritorious. The state court has appointed a receiver, and the debtor's property has been taken into the custody of the state court. There is no showing of any lack of ability in the state court to safeguard the rights of all the creditors or of any disposition on the part of the state court to distribute the debtor's estate prejudicially to the petitioning creditors. Nothing of substance is advanced to justify adding bankruptcy expenses and inconveniences to those already incurred and sustained by debtor and creditors in the state proceedings. Treating the motion to strike and dismiss as a motion for summary judgment and a responsive pleading, it appears that peti-

tioners' attempt to amend their verification as a matter of course came too late, and was a nullity. The case, therefore, falls within the Court's discretion. For the reasons herein indicated, petitioners' motions for leave to amend and to have the debtor adjudged an involuntary bankrupt are denied, and the debtor's motion, construed as a motion for summary judgment, is sustained.

An order, accordingly, will be entered, disallowing the petition and dismissing the same with prejudice.