UNITED STATES of America
v.
Walter Elwood KRAMER.
Crim. A. No. 15620.

United States District Court
W. D. Pennsylvania.
March 30, 1959.

verdict was on the first count of a 7 count indictment. He was acquitted on the other 6 counts and on an indictment charging conspiracy.

He filed timely motions in arrest of judgment and for a new trial. The motion in arrest of judgment was not pressed at argument, and we think the reason set forth is without merit.[1]

Three reasons were pressed for a new trial.[2] They are:

"1. The Court erred in failing to grant the defendant's motion for judgment of acquittal on the ground that the proof in the Government's case was to the effect that the petition in bankruptcy was fraudulent, that the bankruptcy proceedings were invalid, and that, therefore, there could be no crime of concealing assets from a receiver or trustee in bankruptcy.

"2. The Court erred in failing to grant the defendant's request for instructions to the effect that if the jury should find that the petition in bankruptcy was not subscribed to before a notary public, their verdict must be for the defendant.

"3. The Court erred in not granting the defendant a continuance to permit the defendant to produce as a witness Mr. Joseph Burke."

Passing on the third reason first, we think it is without merit. Defendant requested a continuance to permit him to produce one Burke as a witness in surrebuttal in order to attack the credibility of the government's rebuttal witness, Passafiume. Over the government's objection the court granted the continuance upon defendant's representation that he would subpoena Burke and have him in court ready to testify at 10:00

Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Robert F. Banks, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The defendant was found guilty by a jury of concealing assets of a bankrupt partnership estate from the receiver in violation of § 152, Title 18 U.S.C. This

1. United States v. Schireson, 3 Cir., 1940, 116 F.2d 881, 883–884, 132 A.L.R. 1157; cf. United States v. Weinbren, 2 Cir., 1941, 121 F.2d 826.

2. Defendant's supplemental motion for new trial, dated February 27, 1959, was filed out of time and may not be considered. Rule 33, Fed.R.Crim.P., 18 U.S.C., which is mandatory; Rule 45 (b) (2), Fed.R.Crim.P. United States v. Stirone, D.C.W.D.Pa.1957, 168 F.Supp. 490, affirmed 3 Cir., 1958, 262 F.2d 571. But even if it were considered, the ground therein would be unavailing to defendant for the reasons set forth in this opinion. See also, 49 C.J.S. Judgments § 422.

o'clock the next morning. The witness was not subpoenaed and did not appear at 10:00 o'clock. The defendant informed the court that the witness had agreed to come but had overslept that morning. After waiting fifteen minutes, the court ordered defendant's counsel to proceed with his closing argument, and if the witness should in the meantime appear, upon request, he would be permitted to testify when defendant's argument was concluded. It was not until the government had completed its argument to the jury around 12:00 o'clock that the court was informed that the witness had finally arrived. Thereupon, the court sustained the government's objection to taking the testimony at that time and proceeded to charge the jury.

We think the ruling was within the court's discretion. The fact in issue, viz.: whether the rebuttal witness Passafiume had been present on December 24, 1957, at the residence of defendant's mother, had been thoroughly litigated, Passafiume testifying he had not been present and the defendant's mother testifying that he had been present to collect a fee from her. The truth of this dispute had nothing to do with defendant's innocence or guilt on the first count; it simply was an attack on Passafiume's credibility. Without deciding whether Burke's proffered testimony was admissible for this purpose, we do not think it is incumbent upon a busy court to defer to the convenience of an unsubpoenaed witness who chooses to sleep.

■ The basis for the first and second reasons for a new trial is that the petitioning creditors failed to comply with § 18, sub. c of the Bankruptcy Act[3] in that, although the petition purports to be verified by a notary public, they did not in fact subscribe to the petition before the notary. As the court recalls the testimony, several creditors of the part-

nership met with an attorney in the evening of December 10, 1957; that night three of them signed the creditors' petition. The petition was also signed by the attorney and bore the jurat of a notary public dated December 11, 1957, the day it was filed in this court. The notary, who was the secretary of the attorney for the petitioning creditors, was not present at the meeting. One creditor, Villi, testified he signed the petition on December 10th and also on December 11th at the attorney's office; the other two testified that they did not sign before a notary. From this testimony it could be inferred that at least two of the petitioning creditors did not take an oath to the petition in the actual presence of the notary public who attached her jurat.

■ Defendant contends he thus exposed at trial a jurisdictional defect of which he had no prior knowledge, and consequently the adjudication and appointment of a receiver were void. He, therefore, contends that he could not properly be found guilty of the offense charged in the first count.[4] He relies on In re Frank, D.C.E.D.Pa.1916, 234 F. 665. This case was affirmed by the Circuit Court at 3 Cir., 1917, 239 F. 709, but that court expressly refused to hold that the defect was jurisdictional. Other cases indicate a defective verification is not jurisdictional and may be amended or waived. Armstrong v. Fernandez, 208 U.S. 324, 28 S.Ct. 419, 52 L.Ed. 514; In re Royal Circle of Friends Bldg. Corporation, 7 Cir., 1947, 159 F.2d 539 (no verification); Green River Deposit Bank v. Craig, D.C.W.D.Ky.1901, 110 F. 137 (one petitioner failed to verify); 8 C.J.S. Bankruptcy § 116; 6 Am.Jur.Rev. Ed. § 233 at page 695; see also cases referred to in 239 F. 709, 710; Collier on Bankruptcy, 14th ed., vol. 2, ¶18.37, page 84.

---

**3.** "All pleadings setting up matters of fact shall be verified under oath." 11 U.S. C.A. § 41, sub. c.

**4.** Defendant did not move for judgment of acquittal at the close of all the testi-

mony nor after verdict; however, it is proper to consider an alleged error of law on a motion for new trial. Maulding v. United States, 9 Cir., 1958, 257 F.2d 56.

As stated heretofore, defendant was a partner in Kramer Builders; his wife was the other partner. She had been served personally with the writ of subpoena. Defendant had been served by publication. Subsequent to service, and in absence of an answer, a member of this court adjudicated the partnership and the individuals bankrupts; a receiver and later a trustee was appointed. Great efforts were made to recover the assets of the partnership, and the defendant, after the Federal Bureau of Investigation located the physical assets, donated his services to the trustee. The insolvency of the partnership was eminently apparent from the exhibits admitted in evidence. The docket entries, government exhibit 38, show defendant filed a petition for an arrangement under § 321 of Chapter XI. It was not shown that any of the petitioning creditors were not bona fide creditors of the partnership in the jurisdictional amount.

Defendant was convicted of concealing only partnership assets from the receiver.

No direct attack on the adjudication was ever made by either debtor, individually or as a partner.

 It is our opinion that an adjudication in bankruptcy is presumed to be regular and valid. Edelstein v. United States, 8 Cir., 1906, 149 F. 636; 49 C.J.S. Judgments § 132. Although it may be shown to be invalid in a direct action or proceeding for that purpose, it may not be attacked collaterally in a criminal proceeding, especially when the record of adjudication shows on its face a duly executed and verified creditors' petition, service on the debtor partners, adjudication of bankruptcy by a district judge, and appointment and qualification of a receiver and trustee. Cajiafas v. United States, 6 Cir., 1930, 38 F.2d 3; United States v. Freed, C.C.S.D.N.Y.1910, 179 F. 236; Edelstein v. United States, supra. Remington on Bankruptcy, 6th Ed., Vol. 9, § 3502, page 107.

We think all defects in the verification, as well as in the service of the subpoenas, were cured by the adjudication, and they are conclusively presumed to be correct. It is only where it appears on the face of the adjudication that the bankruptcy court was without jurisdiction that a collateral attack may be made. The record here does not disclose any jurisdictional defects; hence, although the adjudication and appointment of a receiver may be or may have been voidable in a direct attack, In re Royal Circle of Friends Bldg. Corporation, supra, they are not void and cannot be successfully attacked collaterally by oral testimony. As has been held, a defective verification would serve only to check the proceedings until a proper verification is made. In re Eastern Supply Co., D.C. W.D.Pa.1959, 170 F.Supp. 246; In re Royal Circle of Friends Bldg. Corporation, supra; Green River Deposit Bank v. Craig, supra.

An order will be entered denying the motions.