TATE, Circuit Judge:
The bankruptcy trustee filed a complaint in a summary proceeding in the bankruptcy court to set aside the allegedly fraudulent transfer of property to the defendants, the mother of one of the bankrupts and her trustee.[1] The substantial issue of this appeal is whether the defendants, as possessors of jewelry so claimed to have been transferred, have waived their right to object to the bankruptcy court’s summary jurisdiction by not doing so at the time they first filed their answers in the summary bankruptcy proceeding. The district court affirmed the bankruptcy judge’s holding that, indeed, objection to summary jurisdiction was thereby waived. Section 2a(7) of the Bankruptcy Act of 1898, 11 U.S.C. § 11(a)(7) and Rule 915(a) of the Rules of Bankruptcy Procedure. We affirm.
We need not discuss in detail the difference between the “summary jurisdiction” of the bankruptcy court and the “plenary jurisdiction” of district courts sitting either as bankruptcy courts or as courts at law or in equity.[2] Suffice it to say, for present purposes, that if the defendants did not waive *1173 their objection to summary jurisdiction, the trustee’s claim against them to set aside the allegedly fraudulent transfer must be asserted by independent suit in federal district court under its plenary jurisdiction (or in state court, if the trustee so files), with a right to jury trial. If the objection was waived by a failure to timely urge it, then the trustee’s claim can be heard by the bankruptcy judge under the bankruptcy court’s summary jurisdiction.[3]

Factual Context of the Issue

The defendants appeal from the denial of their Motion to Withdraw Answer and the denial of their objection to summary jurisdiction, under the following circumstances.
The plaintiff-trustee filed this complaint on September 6, 1978, and the defendants were ordered to file an answer by October 13, 1978. The defendants’ attorney, Mr. Dirman, filed an answer on the last day of the filing period, October 13, 1978, in order to avoid a default judgment. However, due to Mr. Dirman’s inexperience in bankruptcy matters, no objection was made in the answer to the summary jurisdiction of the bankruptcy court.[4] The defendants had been in the process of obtaining more experienced representation, but their new attorney was not able to take over until after the answer had been filed.
Shortly after the defendants’ new attorney took over, he filed several motions relevant to this appeal: a Motion to Withdraw Answer was filed on October 16,1978, and a Motion Objecting to Jurisdiction and to Dismiss was filed on October 23,1978. Both of these motions were denied, and, having failed to obtain a favorable decision in the district court, the defendants now appeal.
On appeal, the defendants contend that there are two reasons why the bankruptcy judge should have considered their objection to the court’s summary jurisdiction:
1) because their objection complied with the purpose and spirit of section 2a(7) of the Bankruptcy Act, 11 U.S.C. § 11(a)(7), and Rule 915(a) of the Rules of Bankruptcy Procedure (1973); and
2) because they had an absolute right to amend their answer within fifteen days under Rule 715 of the Rules of Bankruptcy Procedure. We will discuss these contentions seriatim.

Compliance With Purpose of Rule 915(a) and Section 2a(7)

Rule 915(a) of the Rules of Bankruptcy Procedure provides as follows:
(a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served. (Italics ours.)
Rule 915(a) is the implementation of the second clause of section 2a(7), which provides:
*1174 where in a controversy arising in a proceeding under this Act an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction .
The defendants argue that section 2a(7) was enacted to modify Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944), in which the Supreme Court held that an objection to summary jurisdiction could be made at any time prior to the entry of a final order by the bankruptcy judge. See In re Los Angeles Trust Deed & Mortgage Exchange, 464 F.2d 1136 (9th Cir. 1972); 1 Collier on Bankruptcy ¶ 2.40[1] (14th ed. 1974). The defendants contend that the purpose of section 2a(7), from which Rule 915(a) is derived, was to prevent delay, and they thus argue that their objection to summary jurisdiction did not violate the reason behind either Rule 915(a) or section 2a(7) because it preceded the first pre-trial hearing, which would have been the first opportunity to argue the objection to jurisdiction.
The defendants rely heavily on In re Los Angeles Trust Deed & Mortgage Exchange, supra, in which an answer was filed without objection to jurisdiction, but an oral objection to jurisdiction was made the very same day and was allowed by the court. However, in re Los Angeles and certain anala-gous cases,[5] aside from having factual differences,[6] were decided under only section 2a(7), which did not specifically require the timely motion or answer to be the first pleading filed. Since 1973, though, Rule 915(a) has specifically required any objection to jurisdiction to be in a “timely motion or answer, whichever is first served.” For this reason, we agree with the bankruptcy judge that In re Los Angeles, if applicable here at all, has been severely undercut by the enactment of the express and more specific provision of Rule 915(a). In re APCL & K, Inc., 3 Bankr.Ct.Dec. 757, 14 Collier Bankr.Cases 157 (E.D.Pa.1977).
In the face of the express provision of the rule, the defendants contend that nevertheless their (only slightly tardy) objection to summary bankruptcy jurisdiction did not violate the functional reasons underlying section 2a(7) or Rule 915(a). However, had Congress or the redactors of the Bankruptcy Rules intended to allow an objection to summary jurisdiction to be made (as contended by the defendants) at any time prior to the first hearing, Rule 915(a) and section 2a(7) could have so provided. Given the specific requirement of Rule 915(a) that any objection to jurisdiction is waived unless made in a “timely motion or answer, whichever is first served,” we cannot hold that the defendants’ objection to jurisdiction, first asserted after an answer had been filed, was timely under Rule 915(a).

Amendment as a Matter of Course Under Rule 715

Rule 715 of the Rules of Bankruptcy Procedure relevantly provides as follows;
Rule 15 of the Federal Rules of Civil Procedure applies in adversary proceedings except that (1) a pleading to which no responsive pleading is permitted may be amended as a matter of course at any time within 15 days after it is served but before the date set for trial
The defendants contend that under Rule 715 they had a right to amend their answer as a matter of course within fifteen days, so as by a timely amendment to object to summary jurisdiction. Since both the Mo *1175 tion to Withdraw Answer and the Motion Objecting to Jurisdiction and to Dismiss were filed within fifteen days after the answer, defendants claim that the court should have considered their objection.
Pretermitting the plaintiff-trustee’s contentions that no amendment was actually filed and that the defendants’ request for leave of court waived their right to amend as a matter of course,[7] we conclude that an amendment to the answer would have been insufficient to resurrect the objection to summary jurisdiction.
In determining whether a timely amendment to the answer under Rule 715 would have prevented a waiver of the defendants’ objection to jurisdiction, we must look to Rule 712 of the Rules of Bankruptcy Procedure, which is an adaptation of Rule 12 of the Federal Rules of Civil Procedure. In discussing the applicability of certain sections of Federal Rule 12, Rule 712 provides in part:
Subdivisions (b)-(h) of Rule 12 . apply in adversary proceedings, except that: .
(4) an objection to the jurisdiction of the court of bankruptcy is governed by Rule 915.
The approach taken by Rule 712 is important for two reasons: 1) Bankruptcy Rule 712 makes it clear that, despite the general applicability of the provisions of Federal Rule 12, any objection to jurisdiction is governed solely by Bankruptcy Rule 915; and 2) Rule 712 fails to use the approach of Federal Rule 12(h)(1)[8] with respect to permitting assertion of an otherwise waived objection through an amendment to a responsive pleading as a matter of course, see Matter of Greenland Studios, Inc., 18 Collier Bankr.Cases 637 (S.D.Fla.1978); cf. Matter of Gellis & Co., Inc., 10 Collier Bankr.Cases 510 (D.Conn.1976) (indicating that an amendment adding an objection to summary jurisdiction is not an appropriate amendment and merely adds an untimely objection to jurisdiction). Therefore, we conclude that an amendment to an answer under Rule 715 cannot preserve an objection to summary jurisdiction that has al *1176 ready been waived under Rule 915 by not asserting it in the answer or motion first filed. See Matter of Greenland Studios, Inc., supra.

Conclusion

In our view the bankruptcy judge correctly concluded that the specific language of Rule 915(a) requires rejection of the defendants (slightly) belated attempt to assert objection to summary bankruptcy jurisdiction. Regardless of the original reason for enacting section 2a(7), Rule 915(a) specifically requires, absent certain exceptions not relevant here, that in order to be preserved, an objection to a bankruptcy court’s summary jurisdiction must be made in a “timely motion or answer, whichever is first served.” Once an answer has been filed failing to object to jurisdiction, the objection has been waived, and the objection cannot be revived by a subsequent amendment to the answer under Rule 715. The district court’s judgment affirming the ruling of the bankruptcy judge will be AFFIRMED.

. This action was brought under sections 67(d)(2)(a) and (d) of the now-repealed Bankruptcy Act of 1898, formerly 11 U.S.C. § 1 et seq. The Bankruptcy Act of 1978, Pub.L. 95-598, Title I, § 401(a), Nov. 6, 1978, 92 Stat. 2549, repealed the Bankruptcy Act of 1898, but section 403(a) of the new Act specifically provides that all cases “commenced under the Bankruptcy Act [of 1898] . . shall be conducted and determined . . . as if [the Bankruptcy Act of 1978] had not been enacted . .” Therefore, it is not disputed that this case is to be resolved under the provisions of the Bankruptcy Act of 1898, and all references will be to the provisions of this Act unless stated otherwise.

. Sections 2 and 23 [of the Bankruptcy Act of 1898] conferred two distinct classes of jurisdiction upon courts of bankruptcy:
(1) jurisdiction as courts of bankruptcy over bankruptcy cases . . . (part of the so-called “summary jurisdiction” of the court);
(2) jurisdiction as a federal district court to set aside preferential transfers . . . and to set aside fraudulent transfers and as a federal district court, sitting as a court of law and equity, over controversies at law or in equity, as distinguished from proceedings under the Act [plenary jurisdiction],
1 Collier on Bankruptcy ¶ 3.01[1][b], at 3-19 (15th ed. 1979).
In considering the jurisdiction of district courts sitting as courts of bankruptcy and district courts sitting at law or in equity, considered separately, it is necessary for the purposes of discussion to classify the jurisdictional questions involved into two broad groups: (1) those dealing with the bankruptcy court’s power to adjudicate all matters relating to the administration of the bankrupt’s estate and the property in the court’s possession, and (2) the jurisdiction of federal district courts sitting either as district courts at law or in equity or as courts of bankruptcy over independent suits brought by the bankruptcy receiver or trustee against third persons concerning property not in the possession of the bankruptcy court. Since in the type of cases first mentioned, the bankruptcy court could, and usually did, act in a summary manner, it was found convenient to classify these cases under the general heading “Jurisdiction of Bankruptcy Court in Summary Proceedings.” The second type of cases, on the other hand, have been assembled under the classification “Jurisdiction of Federal Courts In Plenary Actions.” Thus in speaking of the bankruptcy court’s power, the emphasis must be placed on “summary proceedings” or “summary jurisdiction” as contrasted with “plenary actions” or “plenary jurisdiction”. This classification found support in innumerable cases, as well as in the Act itself.
Id. at 3-20 to 21.
Summary proceedings are generally quicker and more informal than plenary proceedings, although there is very little difference in trial and substantive rights. See Nadler, The Law of Bankruptcy § 600, at 468-69 (2d ed. 1972). However, there is no right to a jury trial in a summary proceeding, id. at 469, and that is the principal reason the defendants in this case now object to the bankruptcy court’s summary jurisdiction.
For an extensive comparison of summary and plenary jurisdiction, see 2 Collier on Bankruptcy r< 23.02-.21 (14th ed. 1976). For a quicker comparison and a discussion of the impact of the Bankruptcy Act of 1978 on the distinction, see 1 Collier on Bankruptcy V 3.01[1][b]-[c] (15th ed. 1977).

. Section 2a(7) of the Bankruptcy Act, 11 U.S.C. § 11(a)(7), gave jurisdiction to courts of bankruptcy to:
Cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided, . . and where in a controversy arising in a proceeding under this Act an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction. (Italics ours.)

. The defendants wish to object to summary jurisdiction on the ground that the defendants are adverse claimants who acquired actual or constructive possession of the jewelry prior to bankruptcy. If defendants have more than a “merely colorable claim” to adverse possession, then they have a valid objection to summary jurisdiction. 2 Collier on Bankruptcy ¶ 23.07[2] (14th ed.). See generally 2 Collier on Bankruptcy ¶¶ 23.05-.07 (14th ed.). In determining whether the defendants had waived their objection to summary jurisdiction, the bankruptcy judge assumed that the defendants had more than a merely colorable claim to possession of the jewelry.

. In re Perspectron, Inc., 422 F.2d 576 (7th Cir. 1970); Gill v. Phillips, 337 F.2d 258 (5th Cir. 1964).

. In In re Los Angeles and the cases cited in note 6 supra, either the trustee had agreed not to object to an untimely objection, Gill, 337 F.2d at 261 n.6, or the objection to summary jurisdiction, although not made in the answer, was made on the same day that the answer was filed, In re Los Angeles, 464 F.2d at 1141; In re Perspectron, 422 F.2d at 579.

. The few authorities on point have divided on the question of whether a party forfeits the right to amend of course when it unnecessarily moves for leave to amend. Compare Vars v. Int’l Bro. of Boilermakers, 240 F.Supp. 245, 246 (D.Conn.1962); In re Watauga Steam Laundry, 7 F.R.D. 657, 658-59 (E.D.Tenn.1947) (right to amend of course forfeited), with La Batt v. Twomey, 513 F.2d 641, 650-51 (7th Cir. 1975); Kirk v. United States, 232 F.2d 763, 770 (9th Cir. 1956); Peterson Steels, Inc. v. Seidmon, 188 F.2d 193, 194 (7th Cir. 1951); Magic Foam Sales Corp. v. Mystic Foam Corp., 167 F.2d 88, 91 (6th Cir. 1948); Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir. 1947) (right to amend of course not forfeited).
S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 n.23 (2d Cir. 1979).
But see 3 Moore’s Federal Practice ¶ 15.07[2], at 15-56 (2d ed. 1979) (“The right to amend a pleading once as of course may be waived, as where the party gives notice of his motion for leave to amend and a hearing is had on the motion,” citing In re Watauga Steam Laundry and Vars v. Int’l Brotherhood of Boilermakers.)

. Rule 12 pertinently provides, with regard to waiver:
(g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
(h) Waiver or Preservation of Certain Defenses. (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.
(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. (Italics ours.)